THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF
NEW YORK, Respondents, *v.* THE THIRD AVENUE R. R. Co.,
Appellant.

The provisions of the ordinance of the common council of the city of New
York, passed December 31, 1858, requiring city rail road companies to pay a
license fee of fifty dollars for each car run by them, or become liable to a pen-
alty, &c., is not an exercise of the power of municipal regulation, reserved
by the terms of the grant to those companies.
A penalty cannot be imposed for non-compliance with an illegal exaction.

DEMURRER to defendant's answer. The action was for
penalties incurred for running cars without payment of a
license fee of fifty dollars on each car, as required by a city
ordinance passed December 31, 1858.

The answer denied the liability of the defendant, and the
authority of the city to exact a license fee, or impose a pen-
alty for running the cars without payment of such fee, &c.

*Clarkson N. Potter*, for the appellant.

PORTER, J. Our decision at the March Term in the case
of the *Mayor, &c., New York*, v. *Second Avenue Rail Road
Company*, substantially disposes of this question. (32 N. Y.,
5 Tiffany, 261.) The increase of the sum payable as a license
fee under the ordinance of 1858, beyond the amount provided
for by the stipulations in the contract of 1853, so far as it
was in derogation of the defendant's rights, must be deemed
illegal and void. It was not the exercise of the power of
municipal regulation reserved by the terms of the grant, and
which the common council had no authority to alienate;
but it was simply an attempt by one of the parties to a con-
tract to revoke a provision inserted for the benefit of the
other.

The common council could not lawfully impose a penalty
for non-compliance with an illegal exaction. The judgment
should be reversed, with judgment for the defendant on the
demurrer.

All the judges concurring,
Judgment reversed.