### COMMONWEALTH *vs.* MICHAEL BRENNAN.

The St. of 1869, *c.* 191, declaring that no license for the sale of intoxicating liquors shall
    have any validity after April 30, 1869, gives an unlicensed person no right to sell, and is
    constitutional.

INDICTMENT for keeping a tenement used for the illegal keeping and sale of intoxicating liquors from January 1 to June 17, 1869.

At the trial in the superior court, *Wilkinson*, J., allowed the Commonwealth, against the defendant's objection, to put in evidence of sales by the defendant after May 1, 1869. The defendant was found guilty and alleged exceptions.

*S. R. Townsend*, for the defendant.

*G. Marston*, for the Commonwealth.

CHAPMAN, C. J. The first section of the St. of 1868, *c.* 141, provides that no person, with certain specified exceptions, shall sell, or expose or keep for sale, intoxicating liquors, unless he is authorized to sell the same in the manner provided in the act. Section 2 provides that the county commissioners may grant licenses for the sale of such liquors; and other sections regulate the granting of licenses. By the St. of 1869, *c.* 191, the power to grant licenses is taken away, and it is declared that no licenses granted after April 30 shall have any validity. At this period the licenses granted in the previous year were to expire by their terms. It is contended that this statute operates as a repeal of the act of 1868. The argument is, that, as the act of 1868 merely prohibited sales by persons who had not a license, the act of 1869, abolishing licenses, left every person free to sell without a license, and, being repugnant to the former act, repealed it, by implication.

But we cannot perceive that this argument has any force. The first section of the act of 1868 contains a general prohibition to sell without a license. A license conferred a right to sell which was merely exceptional. The exceptional righ was abolished, and left the general prohibition in force.

It is further contended that if the act of 1869 is to receive such a construction as we have here given it, it is unconstitutional, because it violates a contract made by the Commonwealth with its citizens by the provisions of the act of 1868. But a license granted under that act is not a contract. *Calder* v. *Kurby*, 5 Gray, 597. Much less is there a contract with a person who has no license. *Exceptions overruled.*