## COMMONWEALTH *vs.* GEORGE C. ADAMS.

An indictment on the Gen. Sts. *c.* 88, § 70, may be maintained against the owner of a building, upon proof that he fitted up a room in it with a billiard table, and let it and the table, for a weekly rent, to a tenant, in whose possession, with the defendant's knowledge, the table was used for playing at billiards for hire, gain or reward, without any license from the mayor and aldermen or the selectmen.

COMPLAINT on the Gen. Sts. *c.* 88, § 70, to a trial justice in Middlesex, averring that on September 9, 1871, the defendant did suffer to be kept, in a building owned by him in Marlborough, a table for the purpose of playing at billiards for hire, gain and reward, without any license first obtained according to law. After a verdict of guilty in the superior court on appeal, *Pitman*, J., reported to this court the case which is stated in the opinion, the verdict to be set aside if it could not be supported upon facts which were reported as admitted by the defendant, otherwise the defendant to be sentenced thereon.

*E. F. Johnson*, for the defendant.

*J. C. Davis*, Assistant Attorney General, (*C. R. Train*, Attorney General, with him,) for the Commonwealth.

MORTON, J. The statute provides that whoever, without a license from the mayor and aldermen or selectmen, keeps or suffers to be kept in a house, building, yard, or dependency thereof, by him actually occupied or owned, a table for the purpose of playing at billiards for hire, gain or reward, shall be subject to a fine. Gen. Sts. *c.* 88, § 70. In the case at bar, it was shown at the trial, that the defendant fitted up a room in a building owned by him with three billiard tables, and let the room and the tables to John Shehan for the agreed price of ten dollars per week ; and that the tables, with the knowledge of the defendant, were used for the purpose of playing at billiards for hire, gain or reward, neither the defendant nor Shehan having a license.

It does not appear whether there was any other evidence at the trial; but if there was not, the jury would be justified in finding a verdict of guilty upon the facts stated in the report and such inferences as may be fairly drawn from them. The tables

belonged to the defendant · and, for aught that appears, the license to Shehan to use them was revocable at any time. The jury might well draw the inference from the evidence before them, that the defendant fitted up his room, and let his tables, with the intent that they should be used for an illegal purpose, he having the power to prevent it. They were therefore justified in finding that he was within the description of the statute, as a person who without any license suffers to be kept in a house owned by him a table for the purpose of playing at billiards for hire, gain or reward. The fact that he receives compensation for such permitted illegal use of his tables, by a fixed weekly sum, is immaterial. *Sentence on the verdict.*