## COMMONWEALTH vs. WILLIAM KINSLEY.

Worcester.    Oct. 3. — Dec. 2, 1882.    LORD, C. ALLEN & COLBURN, JJ., absent.

The Gen. Sts. c. 88, § 69, as amended by the St. of 1880, c. 94, providing that a license, granted to a person to keep a table for playing at pool for hire, "may be revoked at the pleasure of the authority granting it," is constitutional.

A licensee of a table kept for playing at pool for hire is liable, under the St. of 1880, c. 94, to the penalty prescribed by the Gen. Sts. c. 88, § 70, if he allows such table to be used for hire on his premises, after he has been informed, by the clerk of the town whose selectmen granted the license, of the contents of a certificate of a vote of the selectmen revoking the license, although he had no notice of their intention to revoke it; and the St. of 1876, c. 147, does not apply.

FIELD, J. The defendant was complained of for unlawfully keeping, in a building occupied by him in Millbury, a table for the purpose of playing at pool for hire, gain and reward, without authority or license therefor.

By the Gen. Sts. *c.* 88, §§ 69–72, as amended by the St. of 1880, *c.* 94, the selectmen in towns are authorized to grant licenses for such a table, but " such license may be revoked at the pleasure of the authority granting it; " and all persons are prohibited, under a penalty, from keeping such a table without a license.

A license had been duly granted to the defendant, and it had been revoked by the selectmen without giving him notice of their intention to revoke it; but they had given the town clerk a certificate of the vote revoking the license, and he had informed the defendant of its contents, and thereafterwards the defendant " allowed a pool table to be used for hire upon his premises." The defendant contends that this revocation was inoperative, because it was made without giving him an opportunity to be heard; and that, if the statutes purport to authorize a revocation without notice, they are in this respect unconstitutional and void.

The keeping of a pool table for hire is one of many things affecting the public morals, which the Legislature can either absolutely prohibit or can regulate, and one common form of regulation is by requiring a license. A licensee takes his license subject to such conditions as the Legislature sees fit to impose, and one of the statutory conditions of this license was that it might be revoked by the selectmen at their pleasure. Such a license is not a contract, and a revocation of it does not deprive the defendant of any property, immunity or privilege within the meaning of these words in the Declaration of Rights, art. 12. *Commonwealth* v. *Blackington*, 24 Pick. 352. *Calder* v. *Kurby*, 5 Gray, 597. *Commonwealth* v. *Colton*, 8 Gray, 488. *Commonwealth* v. *Brennan*, 103 Mass. 70. *Commonwealth* v. *Adams*, 109 Mass. 344. *Commonwealth* v. *Fredericks*, 119 Mass. 199.

It is immaterial in what manner the defendant obtained knowledge that his license had been revoked. Without considering whether the defendant would be liable to the forfeiture imposed by the Gen. Sts. *c.* 88, § 70, if he had not had either

notice or knowledge that his license had been revoked, after such knowledge he would clearly be liable. The St. of 1876, c. 147,* has no application to this case. *Exceptions overruled.*

*J. Hopkins*, for the defendant.

*G. Marston*, Attorney General, & *C. H. Barrows*, Assistant Attorney General, for the Commonwealth.

---

\* This statute provides that licenses granted to keepers of billiard saloons, under the Gen. Sts. c. 88, shall be signed by the clerk of the city or town in which they are granted, shall be recorded by him, and shall continue in force until the first day of May next ensuing, unless sooner revoked; and that, when revoked, the clerk of the city or town shall give written notice of such revocation to the holder of the license.