WILLIAM YOUNG *vs.* JOSIAH C. BLAISDELL.

SAME *vs.* SAME.

Bristol.   Oct. 30, 1884. — Jan. 13, 1885.   C. ALLEN & COLBURN, JJ., absent.

Section 7 of the Pub. Sts. *c.* 100, giving a district court authority to revoke a license granted for the sale of intoxicating liquors, upon the application of an owner of real estate adjoining the premises in which the license is to be exercised, is constitutional, although it requires the city or town in which the license is revoked to refund to the licensee the money paid by him for such license.

Section 7 of the Pub. Sts. *c.* 100, giving a district court authority to revoke a license granted for the sale of intoxicating liquors, upon the application of an owner of real estate adjoining the premises in which the license is to be exercised, by implication provides for notice to the licensee, and that the applicant shall prove that he is the owner of adjoining real estate.

No appeal lies from the judgment of a district court, under the Pub. Sts. *c.* 100, § 7, revoking a license granted for the sale of intoxicating liquors, upon the application of an owner of real estate adjoining the premises in which the license is to be exercised.

The Pub. Sts. *c.* 100, § 7, do not authorize a district court to render a judgment for costs against a licensee, whose license for the sale of intoxicating liquors is revoked, upon the application of an owner of real estate adjoining the premises in which the license is to be exercised.

If the proceedings of an inferior court are erroneous only in awarding costs, this part of the proceedings only will be ordered to be quashed on a petition for a writ of certiorari.

THE FIRST CASE was a petition for a writ of certiorari to quash the proceedings of the Second District Court of Bristol,

in revoking, under the Pub. Sts. *c.* 100, § 7, a license for the sale of intoxicating liquors, granted to the petitioner by the mayor and aldermen of the city of Fall River.

THE SECOND CASE was a petition for a writ of mandamus to the judge of said district court, to allow an appeal to the Superior Court from his order revoking the license granted to the petitioner, as set forth in the first case.

The two cases were heard by *Colburn*, J., who dismissed each petition; and the petitioner appealed to the full court.

*J. W. Cummings*, for the petitioner.

*H. K. Braley*, for the respondent.

MORTON, C. J. The petitioner contends that § 7 of the Pub. Sts. *c.* 100, is unconstitutional. It has been held, too often to be now open to question, that our statutes regulating the manufacture and sale of intoxicating liquors are laws, in the nature of police regulations, necessary for the general benefit; and that, although they impose restrictions upon the use of property without giving the owner a right to a trial by jury, they are constitutional. *Commonwealth* v. *Intoxicating Liquors*, 115 Mass. 153, and cases cited; *S. C. nom. Beer Co.* v. *Massachusetts*, 97 U. S. 25. A license granted under this statute is in no sense a contract or property. It is a mere permission or authority to the licensee to sell according to law. The petitioner took his license subject to all the restrictions, limitations, and liabilities which the law imposes, among which is the liability to have his license revoked, if the district court so decides, after a hearing upon the application of an owner of real estate adjoining the premises in which he is authorized to sell intoxicating liquors. *Moran* v. *Goodwin*, 130 Mass. 158. *Commonwealth* v. *Kinsley*, 133 Mass. 578, and cases cited. The Legislature had the constitutional right to enact that a license should be revoked in the manner and upon the conditions provided in the statute we are considering; and such revocation does not deprive the licensee of " his property, immunities, or privileges," within the meaning of these words in the Declaration of Rights. Although the statute requires the city or town in which the license is granted to refund the money paid for the license, it is no objection to its constitutionality that it does not require notice to be given to such city or town of the hearing before the district,

police, or municipal court upon an application to revoke the license. The city or town is not a party, but is merely a subordinate part of the government, the agency by which the sovereign power carries the law into execution. It holds its property for public use, and it cannot object to the law as unconstitutional. Much less can the licensee. *Stone* v. *Charlestown,* 114 Mass. 214.

We do not think the statute is open to the objections made by the petitioner, that it makes no provision for notice to the licensee, or for a hearing upon the question whether the person applying is the owner of adjoining property. It provides that there shall be a " hearing in the case," which fairly implies that the licensee is to be notified, and to have opportunity to be heard; and it provides that the owner of the adjoining estate may apply to the court, which necessarily implies that no one but such owner can apply, and that he must prove that he is such owner before he has any standing in court.

We are of opinion that the district court properly disallowed the petitioner's appeal. The provisions of the Pub. Sts. *c.* 155, allowing an appeal " in a civil action," or by a " person convicted of an offence," have no application to this case; and the statute under consideration makes no provision for an appeal. The manifest intent of the statute is that applications for licenses, or for revoking licenses, should be heard and disposed of by summary proceedings. If an appeal from an order revoking a license could be taken, it could not, according to the usual course of proceeding, be heard until the year during which the license runs had wholly or nearly expired, and thus the statute would be nullified and its purpose defeated.

For these reasons, we are of opinion that the proceedings of the district court were in the main correct and legal.

But the statute does not give to the district court the right to render a judgment for costs against the licensee whose license is revoked. As we have before said, it is not " a civil action," in which the prevailing party is, by general law, entitled to costs, nor does any statute authorize the court to impose costs as a penalty. The judgment for costs, therefore, was erroneous, but this furnishes no reason for quashing the whole proceedings. *Charlestown* v. *County Commissioners,* 109 Mass. 270.

A writ of certiorari may be issued for the sole purpose of correcting this error, allowing the proceedings in all other parts to stand.          ·       *Certiorari to issue.*

In the second case, as we have held that the petitioner has no right of appeal, the order must be       *Petition dismissed.*