RALPH MARCHESI *vs.* SELECTMEN OF WINCHESTER.

SAME *vs.* SAME.

Middlesex.    May 28, 1942. — June 24, 1942.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*License. Bowling Alley. Zoning. Constitutional Law,* Due process of law. *Public Officer. Municipal Corporations,* Officers and agents.

After selectmen had made an impartial investigation of an application for a license to conduct a bowling alley under G. L. (Ter. Ed.) c. 140, § 177, and, acting honestly and conscientiously in the public interest as they conceived it, had refused the license, no ground for disturbing their refusal by a writ of mandamus was shown although the applicant was a proper person, the proposed location of the alley was in a district where it would be permitted under the town's zoning by-law, and the alley would have no objectionable features other than those ordinarily incidental to the proper operation thereof; and the refusal did not violate the applicant's rights under the Fourteenth Amendment to the Federal Constitution.

TWO PETITIONS for writs of mandamus, filed in the Superior Court on December 10 and December 15, 1941, respectively.

The cases were heard by *Morton,* J., and in this court were submitted on briefs.

*F. P. Hurley,* for the petitioner.

*A. R. Pike,* Town Counsel, for the respondents.

RONAN, J.   An application of the petitioner for a license to conduct a bowling alley upon certain premises on White Street, and a second application for a similar license to be exercised in a building on Swanton Street, in Winchester, have been denied by the respondents, who comprise the board of selectmen of that town and are authorized by G. L. (Ter. Ed.) c. 140, § 177, to grant such licenses. The petitioner now seeks writs of mandamus to compel the respondents to investigate impartially with a genuine determination to grant the licenses if the petitioner and his bowling alleys conform to the requirements of law.   Both

petitions were referred to an auditor. The petitions were then heard in the Superior Court upon the auditor's reports and were ordered dismissed. The petitioner excepted to the refusal of requests for rulings. The respondents excepted to the granting of certain requests of the petitioner.

The facts appear in the reports of the auditor. The White Street location, except for a small portion, was within an industrial district and the Swanton Street location was within a business district as established by the zoning by-law of the town. This by-law permitted bowling alleys to be set up in each of these districts. The application for a license for White Street was denied on December 3, 1941, after a public hearing. The application for a license for Swanton Street was filed on December 6, 1941, and denied on December 8, 1941. The respondents believed that the petitioner was a proper person to operate a bowling alley and that there was nothing about the proposed enterprise that could reasonably be found to be objectionable other than the consequences naturally incidental to its proper operation. The majority of the respondents voted to deny the applications because the noise likely to emanate from the bowling alleys might disturb persons in the neighborhood, especially after they had retired for the night, because there might be an increase in traffic congestion caused by people coming to the alleys by foot and by automobile, and because values of nearby property might be adversely affected. The respondents believed that the proposed locations were unsuitable for bowling alleys and that there was nothing that the petitioner could do that would overcome the objection of persons living or owning property in the neighborhood. While the premises could lawfully be used to conduct bowling alleys under the zoning by-law, the respondents thought that they could and should shield such persons from annoyance and disturbance by denying the applications. The consideration of the possible effect of bowling alleys on nearby property was not a predominant motive in the judgment of the respondents which led them to withhold the licenses. They considered the general good order and welfare of the community and based their action

on what they deemed to be sound, practical grounds. They voted according to their honest and conscientious opinions. The auditor found that they made an impartial investigation of the applications with a genuine and sincere purpose to comply with the provisions of law as they understood them. He further found, upon the subsidiary findings made by him, that the respondents did not act unfairly, arbitrarily or capriciously in refusing to grant the licenses.

The ultimate finding of the trial judge was the same as that of the auditor. This finding that the respondents had not acted arbitrarily in refusing the applications for a license was warranted by the subsidiary findings of the auditor. *McNeil* v. *Mayor & City Council of Peabody*, 297 Mass. 499. *Downey* v. *School Committee of Lowell*, 305 Mass. 329. *Gibney* v. *Mayor of Fall River*, 306 Mass. 561. *Scudder* v. *Selectmen of Sandwich*, 309 Mass. 373.

It has long been recognized in this Commonwealth that the keeping of premises for a public bowling alley may be forbidden or permitted under such supervision and control as the Legislature deems appropriate and necessary to protect the public safety, health and morals, so that such a place will not become a source of annoyance and disturbance to the public or a menace to the peace and good order of a community. St. 1786, c. 68. *Commonwealth* v. *Goding*, 3 Met. 130. *Commonwealth* v. *Stowell*, 9 Met. 572. *Commonwealth* v. *Drew*, 3 Cush. 279. *Commonwealth* v. *Colton*, 8 Gray, 488. One of the present means of regulation is the requirement of a license, which in towns may be granted, suspended or revoked at pleasure by the selectmen, "upon such terms and conditions as they deem proper." G. L. (Ter. Ed.) c. 140, § 177. *Commonwealth* v. *Kinsley*, 133 Mass. 578. *Levin* v. *Goodwin*, 191 Mass. 341. *Tranfaglia* v. *Building Commissioner of Winchester*, 306 Mass. 495. *Murphy* v. *California*, 225 U. S. 623. *Clarke* v. *Deckebach*, 274 U. S. 392. The selectmen, who may be assumed to be familiar with local conditions and with what will best serve the public interests of their communities, are granted broad discretionary powers. *Commonwealth* v. *Kinsley*, 133 Mass. 578. *Commonwealth* v. *McGann*, 213 Mass. 213. *Burgess*

v. *Mayor & Aldermen of Brockton,* 235 Mass. 95. *Whitcomb* v. *Vigeant,* 240 Mass. 359. *Blackwell* v. *Mayor of Boston,* 261 Mass. 58. *General Outdoor Advertising Co. Inc.* v. *Department of Public Works,* 289 Mass. 149, 192. *Liggett Drug Co. Inc.* v. *License Commissioners of North Adams,* 296 Mass. 41. The respondents have not refused to act. There is nothing to show any abuse of discretion or that in reaching their conclusion the respondents committed any errors of law. There is no further duty that the respondents, acting as a public board, owe the petitioner and, consequently, there is no reason for the issuance of a writ of mandamus. *Liggett Drug Co. Inc.* v. *License Commissioners of North Adams,* 296 Mass. 41. *Scudder* v. *Selectmen of Sandwich,* 309 Mass. 373. *Leigh* v. *Commissioner of Public Health & Charities of Lawrence,* 310 Mass. 343. *Nichols* v. *Commissioner of Public Welfare,* 311 Mass. 125.

The denial of the petitioner's requests calls for no detailed discussion. Some embodied facts not found in the evidence and some others were merely attempts to select one or more of the various reasons that the respondents had for refusing the applications and to secure a ruling upon such parts of the evidence. *James* v. *Boston Elevated Railway,* 204 Mass. 158, 162. *Barnes* v. *Berkshire Street Railway,* 281 Mass. 47. *Liggett Drug Co. Inc.* v. *License Commissioners of North Adams,* 296 Mass. 41, 54. The fact that the zoning by-law permitted bowling alleys in the districts in which they were to be located did not authorize their use in the absence of a license from the selectmen. *Marshall* v. *Holbrook,* 276 Mass. 341. *Beane* v. *H. K. Porter, Inc.* 280 Mass. 538. That such use was permitted by the zoning by-law could be given such weight, if any, as the respondents thought it was entitled to in conjunction with the various other matters involved in coming to an honest and impartial decision. The general aim both of the zoning by-law and of the licensing statute is the promotion of the public welfare, but each is independent of the other and seeks to accomplish its purpose by different means. *Commonwealth* v. *McGann,* 213 Mass. 213. *Inspector of Buildings of Falmouth* v. *General Outdoor Advertising Co. Inc.* 264 Mass. 85.

*Commonwealth* v. *Haffer*, 279 Mass. 73. The public interest is paramount to any right of a citizen to conduct a public bowling alley, even if he is a suitable person to conduct such a business and the noise, annoyance or inconvenience that might result to the public therefrom is no greater than that ordinarily incidental to the proper operation of such an enterprise. The refusal of a license was not, as the petitioner contends, violative of any rights secured to him by the Fourteenth Amendment to the Constitution of the United States. *Murphy* v. *California*, 225 U. S. 623. *Clarke* v. *Deckebach*, 274 U. S. 392.

As the respondents must prevail, it would serve no useful purpose to consider their exceptions and we treat them as waived.

> *Petitioner's exceptions overruled.*
> *Respondents' exceptions waived.*