BOARD OF SELECTMEN OF SUDBURY *vs.* ALCOHOLIC
BEVERAGES CONTROL COMMISSION & another.[1]

No. 87-357.

Middlesex. February 10, 1988. — March 11, 1988.

Present: GRANT, PERRETTA, & FINE, JJ.

*Alcoholic Liquors*, License, Transfer of location, Alcoholic Beverages Control Commission.

Selectmen of a town, acting as the local licensing board, correctly treated an application for renewal of a license for the sale of all alcoholic beverages not be drunk on the premises as an application for a new license, as directed by G. L. c. 138, § 16A, and the application was properly denied where the applicant did not own either the premises described in the application or any other premises to which the license could be transferred. [471-472]

The Alcoholic Beverages Control Commission was without power to issue or order the issuance of a license for the sale of alcoholic beverages that local licensing authorities could not lawfully have issued in the first instance; nor could the commission override a decision of the local licensing authorities to deny an application for a license or for the transfer of a license; nor could the commission reinstate a license that had expired. [472-473]

CIVIL ACTION commenced in the Superior Court Department on September 6, 1985.

The case was heard by *Hiller B. Zobel*, J., on motions for summary judgment.

*Paul L. Kenny*, Town Counsel (*David J. Doneski*, Assistant Town Counsel, with him) for the plaintiff.

*Richard M. Brunell*, Assistant Attorney General, for Alcoholic Beverages Control Commission.

*Eugene R. Richard* (*Howard J. Wayne* with him) for Wayside Package Store, Inc.

---

[1] Wayside Package Store, Inc.

GRANT, J. For many years prior to July, 1983, Wayside Package Store, Inc. (Wayside), had held a license for the sale of all alcoholic beverages not to be drunk on the premises (G. L. c. 138, § 15, as most recently amended by St. 1981, c. 351, § 68) in a building located on land owned or controlled by Wayside's principals which was located on the Boston Post Road in Sudbury. In that month the building and the portion of the premises containing the building were sold to a stranger to these proceedings who thereafter conducted an auto parts business on what he had purchased. By reason of the eleventh paragraph of G. L. c. 138, § 23, as appearing in St. 1935, c. 440, § 23, Wayside's license was due to expire on December 31, 1983. On November 14, 1983, Wayside made application to the selectmen as the "local licensing authorities" (G. L. c. 138, § 1, as appearing in St. 1933, c. 371, § 2) for renewal of its license for the year 1984. The sworn application represented on its face that the renewed license would be exercised at the location which had been sold.

1. The selectmen, who knew better and that the license had not been transferred to another location (G. L. c. 138, §§ 15A and 23), properly concluded (a) that the application did not and could not "cover[] the same licensed premises" within the meaning of the first sentence of G. L. c. 138, § 16A, as appearing in St. 1970, c. 352, and (b) that the second sentence of § 16A, as so appearing, required that the application be "treated as [one] for a new [2] license [in accordance with] all the procedures set forth under" G. L. c. 138, § 15A.

2. The selectmen denied the application on December 23, 1983. They were correct in doing so because the premises described in the license, which was about to expire, had been sold and Wayside had not secured other premises to which the license could be transferred. The fourth sentence of G. L. c. 138, § 15, as appearing in St. 1935, c. 440, § 12, which applies to original applications for all types of license, is explicit that "[e]ach license shall describe the premises to which it

---

[2] The word "new" as used in § 16A means "original." *Baser* v. *Spaulding*, 7 Mass. App. Ct. 268, 271 (1979).

applies." [3] The corollary of this imperative is that local licensing authorities cannot issue any type of license to an original applicant unless he owns or controls the premises to which the license will apply. *Cheney* v. *Coughlin*, 201 Mass. 204, 207-209 (1909). *New City Hotel Co.* v. *Alcoholic Beverages Control Commn.*, 347 Mass. 539, 542 (1964). *Opinion of the Justices*, 349 Mass. 794, 798 (1965). Compare *Bushway-Whiting Ice Cream Co.* v. *Mayor of Somerville*, 308 Mass. 148, 152 (1941).

3. There is no need to recite the history of the extensive administrative proceedings on Wayside's application which were subsequently had before the Alcoholic Beverages Control Commission (commission) and the selectmen and which culminated in the commission's order of August 12, 1985, that the selectmen "reinstate the . . . license . . . to be valid for a period of ninety days" so as to afford Wayside a reasonable length of time to sell "the license" and its assets. The Superior Court judge, in proceedings brought by the selectmen under G. L. c. 30A, § 14, appears to have overlooked the fact that there is nothing in G. L. c. 138, § 67, as most recently amended by St. 1971, c. 477, § 4, which authorizes the commission to issue or order the issuance of a license which, for the reasons set out in part 2 hereof, the licensing authorities could not have issued in the first instance. Quite to the contrary, § 67 provides that the commission cannot override a decision of the local authorities to deny an application for an original license or an application to transfer an existing license to another location.[4] *Ward* v. *Selectmen of Scituate*, 334 Mass. 1, 3 (1956). *Largess* v. *Nore's, Inc.*, 341 Mass. 438, 441-442 (1960). *Selectmen of Barnstable* v. *Alcoholic Beverages Control Commn.*, 373 Mass. 708, 714-715 (1977). Compare *Selectmen of Clinton* v. *Alcoholic Beverages Control Commn.*, 17 Mass. App. Ct. 905, 906-907 (1983).

---

[3] The only exception to this rule is found in G. L. c. 138, § 23B, as most recently amended by St. 1973, c. 424, which has no application to the circumstances of this case.

[4] We have already pointed out in part 1 hereof why the selectmen were required to treat Wayside's application as one for an original license rather than for the renewal of an existing license.

Nor is there any authority in § 67 or elsewhere for the commission to reinstate a license which, by reason of the eleventh paragraph of G. L. c. 138, § 23, expired on December 31, 1983.[5]

4. The judgments entered in the Superior Court are reversed, and a new judgment is to be entered which annuls the decision of the commission as in excess of its authority.[6]

*So ordered.*

---

[5] Those who advocate a different result based on what they regard as the "equities" of the situation would have us submerge the facts (a) that Wayside brought its present predicament on itself by not securing other premises to which its license could have been transferred prior to the sale of the premises described in its license and (b) that the selectmen, by not cancelling the license for nonuse under G. L. c. 138, § 77, have already given Wayside an additional period of more than five months (from mid-July, 1983, until the end of December) in which to do something constructive about transferring the license.

[6] G. L. c. 30A, § 14(7)(*b*).