BOARD OF SELECTMEN OF SAUGUS *vs.* ALCOHOLIC BEVERAGES CONTROL COMMISSION & another.[1] No. 90-P-855. February 7, 1992. *Alcoholic Liquors*, License, Alcoholic Beverages Control Commission. *Administrative Law*, Failure to raise issue before agency. *License.*

On December 22, 1987, the Saugus board of selectmen (board), acting in its capacity as the licensing authority for the town of Saugus, voted "to revoke and cancel, under [G. L. c. 138, § 77], the . . . All Alcoholic Beverage License" of Saugus International Airport Restaurant & Pub, Inc.

---

[1]Saugus International Airport Restaurant & Pub, Inc.

(International). Under the authority of the same statute, International then appealed from that decision to the Alcoholic Beverages Control Commission (commission). The commission disapproved the board's decision on March 3, 1988, and recommended that "the town allow [International] an additional six months to transfer or reactivate the license." The board then sought judicial review of the commission's decision in the Superior Court pursuant to G. L. c. 30A, § 14. The parties filed cross-motions for summary judgment, the judge allowed the board's motion, and judgment annulling the commission's decision was entered on February 15, 1991, from which both the commission and International appeal. We reverse.

The underlying facts are not in dispute. International operated as a successful family-style restaurant in Saugus from 1980 until 1985, when a quarrel over the terms of its lease forced the operation to close down. International decided either to sell the business or to transfer the license to another location, but it accomplished neither before the license was cancelled. A mattress shop has since occupied the commercial space, and the restaurant has not reopened there or at any other location.

Despite the closing, the board renewed the license in late 1985 and again in 1986. On December 8, 1987, the board gave International notice of a December 22, 1987, show cause hearing on the status of the license. In the interim, International negotiated a purchase and sale agreement with a Thai restaurant in search of such a license, and one day before the hearing it submitted an application for this transfer. The following day the board voted to cancel the license.

The defendants contend that summary judgment in the board's favor was inappropriate because the commission's decision was supported by substantial evidence and was made pursuant to its powers defined by G. L. c. 138, § 77. The board, for its part, asserts that, since International failed to meet the statutory requirements for renewal under G. L. c. 138, §§ 15 and 16A, in 1987, the board's 1987 "cancellation" was really a decision not to renew the license.

Underlying the board's push to characterize its action as a decision not to renew rather than a "cancellation" is the perception that the board's refusal to renew a license would not be subject to reversal by the commission. (Here, the board points to *Selectmen of Sudbury* v. *Alcoholic Bevs. Control Commn.*, 25 Mass. App. Ct. 470 [1988].) We need not decide whether the board's action properly can be termed a nonrenewal, however, because the argument was not presented to the commission during the March 3, 1988, hearing. [2]

It is well settled that, "[e]xcept for jurisdictional claims based upon constitutional challenges to an agency's enabling legislation," *Gurry* v. *Board*

---

[2]Were we to reach the argument, we would have trouble characterizing the board's actions as a nonrenewal where the board itself initiated the matter by convening a show cause hearing and, as indicated, the board's notice of decision indicated that it had voted "to revoke and cancel" International's license.

*of Pub. Accountancy,* 394 Mass. 118, 126 (1985), " '[a] party is not enti-
tled to raise arguments on appeal that [it] *could have raised, but did not
raise,* before the administrative agency . . . .' " *Ibid.,* quoting from and
adding emphasis to *Albert* v. *Municipal Ct. of Boston,* 388 Mass. 491, 493
(1983). A brief reference by the board's counsel to G. L. c. 138, § 12A,
in the hearing before the commission did not articulate the renewal theory
for the commission to consider. Moreover, the board did not advance in the
Superior Court the claim that the board's action was in reality a refusal to
renew a license. See, e.g., *Charron's Case,* 331 Mass. 519, 523 (1954); *M.
H. Gordon & Son* v. *Alcoholic Bevs. Control Commn.,* 386 Mass. 64, 68
(1982); *Vaspourakan, Ltd.* v. *Alcoholic Bevs. Control Commn.,* 401 Mass.
347, 354-355 (1987); *Seagram Distillers Co.* v. *Alcoholic Bevs. Control
Commn.,* 401 Mass. 713, 724 (1988); *Shamrock Liquors, Inc.* v. *Alcoholic
Bevs. Control Commn.,* 7 Mass. App. Ct. 333, 335 (1979).

We therefore view the board's action as a cancellation of International's
license under the authority of G. L. c. 138, § 77. This statute explicitly
gives the commission the authority to review license cancellations by local
boards. "The licensing authorities may, after hearing or reasonable oppor-
tunity therefor, cancel any license issued under this chapter if the licensee
ceases to conduct the licensed business. If the local licensing authorities
determine that a license should be cancelled as aforesaid the licensee may
appeal to the commission, as if such authorities had refused to grant the
license upon an original application therefor, and the decision of the com-
mission upon such appeal shall be final." G. L. c. 138, § 77, as amended
by St. 1943, c. 542, § 19. The commission had authority to review and
override the board's action on this license. Contrast *Selectmen of Sudbury*
v. *Alcoholic Bevs. Control Commn.,* 25 Mass. App. Ct. at 472; *Boston Lic.
Bd.* v. *Alcoholic Bevs. Control Commn.,* 26 Mass. App. Ct. 275, 276-278
(1988).

"Although we must consider the entire record and take into account
whatever detracts from the weight of the evidence," *Vaspourakan, Ltd.* v.
*Alcoholic Bevs. Control Commn.,* 401 Mass. at 351, the board has failed
to point to any evidence presented to the commission which could lead us
to the conclusion that the commission's findings are not supported by sub-
stantial evidence. See G. L. c. 30A, § 14(7)(*e*). See also *Olde Towne Li-
quor Store, Inc.* v. *Alcoholic Bevs. Control Commn.,* 372 Mass. 152, 153
(1977); *New Boston Garden Corp.* v. *Assessors of Boston,* 383 Mass. 456,
465-466 (1981). The record before the commission contained Interna-
tional's most recent application for a transfer of the license. Likewise, evi-
dence demonstrating International's previous efforts to transfer the license
was presented to the commission. The board conceded that they had only
provided International notice of the show cause hearing sixteen days prior
to the vote to cancel the license, and it offered no other evidence from
which the commission could have inferred that International was informed
that the show cause hearing in December, 1987, was actually a cancella-

tion hearing. The commission was justifiably furthering a reasonable policy of having licensees receive adequate notice of a local board's intent to cancel a valid but currently inactive license, and it is permissible to establish such a policy through case by case adjudication. See *Atlas Distrib. Co.* v. *Alcoholic Bevs. Control Commn.*, 354 Mass. 408, 414 (1968); *Arthurs* v. *Board of Registration in Medicine*, 383 Mass. 299, 312-313 (1981). Cf. *Howard Johnson Co.* v. *Alcoholic Bevs. Control Commn.*, 24 Mass. App. Ct. 487, 492 n.6 (1987).

As this was, in fact, a cancellation decision of the board overridden by the commission on appropriate grounds, the motion judge was required to affirm the commission. Accordingly, the judgment of the Superior Court is reversed. A new judgment shall issue affirming the commission's decision.

*So ordered.*

*Jon Laramore*, Assistant Attorney General, for Alcoholic Beverages Control Commission.

*Joseph A. Monteforte* for Saugus International Airport Restaurant & Pub, Inc.

*Arthur P. Kreiger* for the plaintiff.