Doerfer, J.
Plaintiff Tiger, Inc. dba Russo’s Food Mart (“Russo”) has brought this action pursuant to M.G.L.c. 249, §4 seeking judicial review of a decision of the Weymouth Board of Selectmen (“Board”) denying Russo’s application for a wine and malt package store license for his grocery store. Presently before the Court is Russo’s motion for judgment on the pleadings and the Board’s cross motion for judgment on the pleadings. For the reasons stated below, the Board’s denial of Russo’s application is UPHELD.
BACKGROUND
On October 30, 1996, Russo applied to the Weymouth Board of Selectmen, the town licensing authority, for a license for the sale of wine and malt beverages.[2] The Board heard the matter, at a public hearing, on January 6, 1997. Thereafter, the Board deliberated and voted 3-1 to deny the application. Russo was advised, by letter, that his application was denied because there are a number of alcohol and wine and malt licenses located in close proximity to his store and the present license holders are able to meet the demands of the general public.
Russo made a timely appeal to the Alcoholic Beverages Control Commission (“Commission”) pursuant to c. 138, §67. The Commission heard the matter on May 21, 1997. In a decision dated June 2, 1997, the Commission remanded the matter back to the Board for further consideration. The Commission felt that a wine and malt license would be a public convenience.
In response to the Commission’s recommendation, the Board held a second public hearing on July 14, 1997. In a decision dated July 16, 1997, the Board rejected Russo’s application citing the number of similarly licensed establishments in the area, lack of available parking and traffic concerns as reasons for their decision. Russo subsequently appealed to Superior Court for a review of the Board’s decision.
DISCUSSION
Massachusetts General Law chapter 138 regulates alcoholic beverages in Massachusetts. Section 4 of chapter 138 provides for the creation of local licensing boards to initially review matters relating to licenses for alcoholic beverages, while M.G.L.c. 6, §§43 and 44 establishes the Alcoholic Beverage Control Commission to supervise matters relating to alcoholic beverages.
M.G.L.c, §23 addresses, inter alia, the nature of licenses and permits and provides as follows:
The provisions for the issue of licenses and permits hereunder imply no intention to create rights generally for persons to engage or continue in the transaction of the business authorized by the licenses or permits respectively, but are enacted with a view only to serve the public need and in such a manner as to protect the common good and, to that end, to provide, in the opinion of the licensing authorities, an adequate number of places at which the public may obtain, in the manner and for the kind of use indicated, the different sorts of beverages for the sale of which provision is made.
In the context of various licensing schemes, the Massachusetts courts have noted that local boards enjoy broad discretion because they are familiar with local conditions. See Marchesi v. Selectmen of Winchester, 312 Mass. 28, 30 (1942) (in a bowling alley license case, the Court stated “[t]he selectmen, who may be assumed to be familiar with local conditions and with what will best serve the public interests of their communities, are granted broad discretionary powers”); Great Atlantic & Pac. Tea Co. Inc. v. Board of License Comm’rs of Springfield, 387 Mass. 833, 837 (1983) (“[i]n Connolly v. Alcoholic Beverages Control Commission, 334 Mass. 613, 618 (1956), we recognized that the ABCC possesses specialized knowledge of the problems affecting alcoholic beverage regulations . . . We now explicitly recognize the comparable degree of expertise possessed by local licensing authorities”); Newbury Junior College v. Brookline, 19 Mass.App.Ct. 197, 202, review denied 394 Mass. 1102 (1985) (“[i]n the case of... licenses to dispense liquor, for example, town and city boards may exercise judgment about public convenience and public good that is very broad indeed”); McDonald’s Corporation v. Town of East Longmeadow, 24 Mass.App.Ct. 904, 906, review denied 400 Mass. 1102 (1987) (local boards may exercise broad discretion concerning public convenience and public good — the board did not have to make studies on the number of licenses to be issued because the board members were local residents and were aware of local patron needs).
*308 Massachusetts General Law chapter 138, §67 provides the statutory framework to appeal a local board’s decision regarding an application for an alcoholic beverage license. Under Section 67, a person aggrieved of a decision of a local board may appeal to the Alcoholic Beverages Control Commission. The Commission must notify all concerned parties and hold a hearing on each appeal. If the Commission approves the action of the local board, “it shall issue notice to them to that effect.” If the Commission disapproves of the action of the board, it must issue a decision stating the reasons and shall remand the matter to the local authorities for further action. However, §67 provides that the Commission “cannot override a decision of the local authorities to deny an application for an original license . . .” Board of Selectmen of Sudbury v. Alcoholic Beverages Control Commission, 25 Mass.App.Ct. 470, 472, review denied, 402 Mass. 1102 (1988). Accordingly, on remand, the local board is not bound to follow the Commission’s recommendation that an original license or a license transfer be granted. Dixie’s Bar, Inc. v. Boston Licensing Board, 357 Mass. 699, 702 (1970), citing Largess v. Nore’s, Inc., 341 Mass. 438, 442 (1960).
The statute provides a re-appeal to the Commission if the local board does not follow the Commission’s recommendation in modifying, cancelling, revoking or failing to renew a license. However, there is no provision for re-appeal if the local board refuses to grant a license. Therefore, the appropriate mechanism to seek judicial review, on the facts presented here, is an action in the nature of certiorari pursuant to Massachusetts general Law chapter 249, §4. See Saxon Coffee Shop, Inc. v. Boston Licensing Board, 380 Mass. 919, 923 (1980).
Both parties argue that the standard of review in this case is the substantial evidence test as defined in c. 30A, §14(7)(e).[3] “Judicial inquiry under the substantial evidence test is limited to determination of whether, within the record developed before the administrative agency, there is such evidence as a reasonable mind might accept as adequate to support the agency’s conclusion.” Seagram Distillers Co. v. Alcoholic Beverages Control Commission, 401 Mass. 713, 721 (1988). The court gives due weight to the local authority’s specialized knowledge of matters relating to the sale of alcoholic beverages. See Great Atlantic & Pac. Tea Co., Inc. v. Board of License Comm’rs of Springfield, supra at 837.
In the present case, the Board held a public hearing upon remand from the Commission. There was testimony indicating that parking is a problem in the vicinity of the applicant;[4] that there are similar licenses in the area which adequately serve the needs of the community — including one deli with an all alcohol package store license that is 200 yards away; and that traffic resulting from commuters and patrons of the movie theater exists. The board considered specific concerns such as details relating to deliveries to Russo’s if a license were to be granted and the possible problems created by additional alcohol available close to a residence where mentally retarded residents reside.
This Court concludes that the record is supported by substantial evidence to deny Russo’s application. The testimony at the hearing was based on the personal knowledge of local residents who are familiar with the area. Although, this is not scientific evidence, it fits within the substantial evidence standard. The statutory framework and the supporting cases, require local boards to make determinations regarding alcoholic beverage licenses based on their opinion of what will suit the public need. M.G.L.c. 138, §23; Newbury Junior College v. Brookline, supra at 202. Accordingly, the board is entitled to rely on its general familiarity with the area when deciding whether to grant an application for a license.
There is nothing in the record suggesting that the Board acted arbitrarily or capriciously. Further, based on all the considerations, their action was not irrational. The board carefully considered public need and the character of the area.
Therefore, the decision of the Board must be UPHELD.
ORDER
For the reasons stated above, it is hereby ORDERED that the Board’s decision to reject Russo’s application for a wine and malt license is UPHELD.

Russo’s application was for the sale of beverages not to be drunk on the premises. See M.G.L.c. 138, §15.

The parties both take the position that an action in the nature of certiorari is appropriate here and state that the substantial evidence standard is to be applied. “The appropriate standard of review in a certiorari case must be determined according to ‘the nature of the action sought to be reviewed.’ ” Saxon Coffee Shop, Inc. v. Boston Licensing Board, supra at 923, citing McSweeney v. Town Manager of Lexington, 379 Mass. 7944, 800 (1980). Where a broad grant of discretionary authority is given to the administrative agency, as is true of local licensing authorities, the standard of review is error of law or abuse of discretion, measured by the arbitrary and capricious test. Caswell v. Licensing Commission for Brockton, 387 Mass. 864, 877-78 (1983). The Court notes that under either standard, “arbitrary and capricious” or “substantial evidence” the result in the present case is the same.

Mr. Russo agreed that parking is a problem in the area, but stated that the problem is generated by people who leave their cars there to do other things not from patrons of stores.