Toomey, J.
INTRODUCTION
This is an action that seeks judicial review, pursuant to G.L.c. 30A, §14(7), of a state agency decision rejecting plaintiff Richard Tyler’s opposition to the Department of Mental Health’s (“DMH") decision to assign him to a new case manager. Under the provisions of Standing Order 1-96 of the Superior Court, review is to be made in the context of plaintiffs motion for judgment on the pleadings. Upon consideration of the administrative record and the arguments of the parties, the decision of the DMH is AFFIRMED for the following reasons.
BACKGROUND
The plaintiff, who has a history of mental illness (he suffers from Obsessive Compulsive Disorder, facets of Borderline Personality Disorder, and a fear of contamination), has received case management services from the DMH for almost seven years. From early 1995 to 1998, Tyler’s case manager was Tawny Hilton. On or about September 8, 1998, the DMH assigned a new case manager to Mr. Tyler.
Tyler opposed the DMH decision and claimed that the DMH, by reassigning his case manager, had unilaterally changed his Individual Service Plan (“ISP”) without his input or participation. In an attempt to have the DMH decision reversed, Tyler pursued two courses of internal review within the DMH. First, Tyler filed a formal complaint with the Area Director, Constance Doto (“Doto”). Second, relying upon DMH’s regulations, particularly 104 CMR 16.11, Tyler requested a hearing before a DMH Fair Hearing Officer in order to challenge the reasonableness of the decision to change his case manager. It was, and continues to be, Tyler’s opinion that the change in case manager constituted a “modification or termination of an ISP . . . or services . . .” 104 CMR 16.11(2)(h).[1]
On November 17, 1998, Area Director Doto issued an opinion denying Tyler’s claim; the denial was based on clinical needs and a careful consideration of Tyler’s needs. Subsequently, Tyler appealed to the DMH Deputy Commissioner. On March 2, 1999, the Deputy Commissioner denied Tyler’s appeal, again citing clinical considerations as the rationale for Tyler’s change in case manager. Tyler appealed to the DMH Commissioner, Marilou Sudders. On May 5, 1999, Sudders issued a decision denying Tyler’s appeal due to . clinical factors surrounding the change in Tyler’s case manager [which] were thoroughly and carefully considered."
In response to Tyler’s second approach, a request for a Fair Hearing under 104 CMR 16.11(b), Tyler was assigned to DMH Fair Hearing Officer Lindsay Byrne. Prior to the date of the actual Fair Hearing, the parties conducted discovery, submitted detailed briefs, and participated in three pre-trial conferences. Byrne ruled that Tyler’s personal experience, prior to and after the change in his case manager, would not be the focal issue of the Fair Hearing as Tyler’s claim was global in nature, affecting all DMH clients. Ultimately in her ruling, January 29, 2001, Byrne dismissed Tyler’s request for a Fair Hearing because the request was not within her administrative jurisdiction.
DISCUSSION
A reviewing court may set aside an administrative decision if the court finds that the substantial rights of a party may have been prejudiced because the decision is defective in one or more of the respects listed in G.L.c. 30, §14(7). Tyler, as the party appealing the administrative decision, bears the burden of demonstrating the decision’s invalidity. Merisme v. Board of Appeals on Motor Vehicle Liab. Policies & Bds., 27 Mass.App.Ct. 470, 474 (1989).
A court’s review of an agency decision is confined to the administrative record of the Hearing Officer’s proceedings. G.L.c. 30A, §14(5). As a result, Tyler must confine his appeal to the issues raised before the Hearing Officer, even if such a limitation operates to exclude consideration of constitutionally based claims. Gury v. Board of Public Accountancy, 394 Mass. 118, 125 (1985); Board of Selectman of Saugus v. ABCC, 32 Mass.App.Ct. 914 (1992). In assessing the appeal, the reviewing court is required to give due weight to the agency’s experience, technical competence, specialized knowledge, and the discretionary authority conferred upon it by statute. Flint v. Commissioner of Pub. Welfare, 412 Mass. 416, 420 (1992); Seagram Distillers Co. v. Alcoholic Beverages Control Comm'n, 401 Mass. 713, 721 (1988). In that context, Tyler offers a number of attacks upon the Hearing Officer’s conclusion, and we shall treat each in turn.
Tyler first contends that the Hearing Officer’s findings are not supported by substantial evidence. Substantial evidence is “such evidence as a reasonable mind might accept as adequate to support a conclu *422 sion.” Salaam v. Comm’r of the Dept. of Transitional Assistance, 43 Mass.App.Ct. 38, 39 (1997). Consideration of whether an agency decision is supported by substantial evidence is based on a review of the entire administrative record and takes into account whatever in the record fairly detracts from the evidence’s weight. Arone v. Comm’r of the Dept. of Social Services, 43 Mass.App.Ct. 33, 34 (1997). At the same time, the reviewing court may not substitute its judgment for that of the agency. Southern Worcester County Regional Vocational School Dist. v. Labor Relations Comm’n, 386 Mass. 414, 420-21 (1982). Applying those standards and considering the facts set forth by the administrative record, the Hearing Officer’s decision to deny Tyler’s request for a Fair Hearing was supported by substantial evidence and the decision was free of legal error.
Tyler also argues that the Hearing Officer was mistaken in her assertion that a consistent view existed within DMH that a change in case manager was not a modification pursuant to 104 CMR 16.11(2)(h). The record, however, indicates that the position taken by the Hearing Officer was indeed consistent with that espoused by other DMH decision makers. The Area Director and Deputy Commissioner generally agree that, while the regulations cited by Tyler are intended to accommodate client preferences, they do not afford the client the exclusive and final say regarding treatment. Both the Area Director and Deputy Commissioner suggest that clinical considerations are also material to treatment decisions. That position was in line with the Commissioner’s May 5, 1999 decision wherein she concluded that a “change in case manger is not a change, modification or termination of service or of service provider as those terms are used in 104 CMR 16.00.”
Tyler next argues that the Commissioner’s decision interpreting 104 CMR 16.11 is not a reasonable and consistent interpretation of DMH policy and thus not entitled to deference by this court. Tyler’s claims are without merit for several reasons. It is well settled that courts lack authority to instruct public agencies, such as the DMH, with respect to the manner in which they fulfill their obligations, especially where the means of fulfilling their obligations are reserved for the agency’s discretion. See In matter of Christopher David McKnight, 406 Mass. 787 (1990). See also G.L.c. 19, §1 (primary mission of the DMH is “to provide to citizens with long term or serious mental illness, early and ongoing treatment for mental illness, and research into cases of mental illness”).
For the court to exercise the department’s executive functions by directing an otherwise discretionary act would constitute an unwarranted extension of judicial authority. The court may only identify the department’s duties and direct the department to comply with the law if the department fails so to comply. Tyler does not cite to any portion of the instant record where the DMH is depicted as acting inconsistent with law.
Tyler further argues that the DMH decision is not reasonable. Upon a challenge to an agency decision, the standard of review is whether the decision or action was arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law. Mass. Eye and Ear Infirm. v. Com. of Div. of Med. Assist., 428 Mass. 805 (1999). At bar, Tyler does not provide any evidence of arbitrary or capricious action on the part of the DMH. Careful review of the applicable statutes and regulations does not reveal any mandate requiring the DMH to provide a Fair Hearing to a client challenging an unilateral change in the individual case management employee assigned to the client. Moreover, this court has been referred to no legislative or administrative directive mandating that 104 CMR 16.1 l(2)(h) be construed to enable clients to appeal agency personnel changes.
Finally, the record provides no support for the plaintiffs contention that the Hearing Officer’s rulings were erroneous as a matter of law. Tyler maintains that an error of law occurred when the Hearing Officer found that no modification of a client case management service or an ISP took place when the DMH changed Tyler’s case manager. Pursuant to 104 CMR 16.11, there are a number of enumerated subjects for which a client may demand a Fair Hearing. Under subsection (h), a client may appeal a modification or termination of his ISP, program specific treatment plan or service, or change in service provider. There is nothing in the regulations establishing the circumstances that constitute a modification such that a client may avail himself of his appeal right. Although Tyler claims that the individual case manager and her relation to clients is of paramount importance to assure that the DMH Case Management System is thriving and that, therefore, personnel changes constitute appealable service/provider changes, his view is not supported by DMH regulations relative to ISPs or case management. Moreover, insofar as the DMH is obliged to service approximately 11,000 clients with only 400 case managers (under current budgetary allowances), common sense and practical realities require that the agency be permitted a good deal of flexibility in the assignment of managers to clients. This Court is persuaded that a change in case manager is a personnel change and not a service or provider change which might entitle Tyler to appeal.
While we recognize that the case manager has a responsibility to build a positive and trusting relationship with the client, the desirability of maintaining that personal connection does not entitle Tyler to a hearing when DMH, in the exercise of its considerable discretion, assigns him a new case manager. This is especially so at bar where Tyler was immediately provided a new case manager to fulfill his case management needs. Because there is “no evidence that *423 confirms that the Hearing Officer was motivated by anything other than merit or that its actions were . . . designed to conceal improper reasons,” Flynn v. Civil Service Commission, 15 Mass.App.Ct. 206, 211 (1983), the decision of the Hearing Officer will not be disturbed.
ORDER
For the foregoing reasons, Tyler’s motion for judgment on the pleadings is DENIED and DMH’s cross-motion for judgment on the pleadings is ALLOWED.

 Even though the Individual Service Planning Regulations, 104 CMR 16.00 et seq., were “vacated” on July, 1, 1999 and replaced by 104 CMR 29.00, the parties have agreed that, for the purpose of this case, 104 CMR 16.00 governs. Moreover, the regulations at 104 CMR 29.00 do not change a DMH’s client’s right to appeal a modification in services, including a modification in case management services.