SELECTMEN OF LAKEVILLE & another *vs.* ALCOHOLIC BEVERAGES CONTROL COMMISSION. January 28, 1953. Judgment to be modified so as to read, "The subject matter of this petition having become moot, the petition is dismissed"; and as so modified is affirmed. This petition for a writ of certiorari is brought to quash the action of the alcoholic beverages control commission in granting common victualler's and liquor licenses to Long Pond Lodge, Inc. The original petitioners are the members of the board of selectmen of the town of Lake-

ville, the local licensing authorities under G. L. (Ter. Ed.) c. 138, § 1, as appearing in St. 1933, c. 376, § 2. By the allowance of a motion to amend, the town was added as a petitioning party. A single justice of this court entered judgment for the respondents and the petitioners appealed. G. L. (Ter. Ed.) c. 213, § 1D, inserted by St. 1943, c. 374, § 4. Since the result will be the same, we assume in favor of the petitioners that they are proper parties to bring this petition. We do not reach the merits of the case, for we are of opinion that the case is moot. The licenses here involved were issued for the year 1951. As these licenses have long since expired a judgment in favor of the petitioners would be academic. The case comes within the principle illustrated by such cases as *Mullholland* v. *State Racing Commission*, 295 Mass. 286, 289, and *Henderson* v. *Mayor of Medford*, 321 Mass. 732. It does not fall within the principle formulated in *Kenworthy & Taylor, Inc.* v. *State Examiners of Electricians*, 320 Mass. 451, 453, for here the action of the respondents does not "stand as a permanent record against the petitioner[s]" nor does it affect in any way their future conduct either as officials of the town or as individuals. Conceivably a determination of the validity of the 1951 licenses might have had some bearing on the licensee's right to renewal for 1952 by reason of G. L. (Ter. Ed.) c. 138, § 16A, as appearing in St. 1937, c. 424, § 1; but it is difficult to see how a determination of this question now could materially affect licenses for 1953, if any have been issued. The judgment is to be modified so as to read, "The subject matter of this petition having become moot, the petition is dismissed," and as so modified is affirmed.

*Allan M. Hale*, for the petitioners.

*Samuel H. Green*, Assistant Attorney General, for the respondents.