Rescripts.

WILLIAMS MARKET OF WALTHAM, INC. *vs.* ALCOHOLIC BEVERAGES CONTROL COMMISSION. June 30, 1953. Petition for writ of certiorari dismissed. The petitioner was granted by the local licensing board on November 12, 1951, a package store license to sell all alcoholic beverages. On December 18, 1951, the respondents disapproved the granting of that license to the petitioner, and ordered the granting of such a license to a competitor. By G. L. (Ter. Ed.) c. 138, § 23, as it appears in St. 1943, c. 542, § 12, relating to liquor licenses, "Every license and permit granted under the provisions of this chapter, unless otherwise provided in such provisions, shall expire on December thirty-first of the year of issue . . . ." The license in controversy has long since expired. The subject matter of the petition having become moot, the petition must be dismissed. *Selectmen of Lakeville* v. *Alcoholic Beverages Control Commission,* 329 Mass. 769.

*John C. Collins,* for the petitioner.

*Joseph H. Elcock, Jr.,* Assistant Attorney General, (*Harris A. Reynolds,* Assistant Attorney General, with him,) for the respondents.

CARLTON H. PIERCE *vs.* IMELDA LEWIS PIERCE. October 28, 1953. Decree affirmed. The libellee appeals from a decree granting the libellant a divorce for cruel and abusive treatment. G. L. (Ter. Ed.) c. 208, § 1. The judge found that on December 23, 1951, the libellee struck the libellant in the face with a bottle, gashing his lip; that the libellant thereupon left the house, but returned in the following month and continued to live with the libellee until May 11, 1952, when she struck him on the head with a package containing toilet water, raising a large bump; and that the libellant again left and since has not lived with the libellee. There had been previous acts of violence by the libellee. Findings were warranted that the assault of December 23, 1951, constituted cruel and abusive treatment; that although condoned, the condonation was conditional; and that the cause for divorce was revived by the subsequent ill treatment of May 11, 1952. *Gardner* v. *Gardner,* 2 Gray, 434, 441–442. *Callan* v. *Callan,* 280 Mass. 37, 42–43. *Hartwell* v. *Hartwell,* 318 Mass. 355, 356. *Cabral* v. *Cabral,* 323 Mass. 441. In view of the marital history of the parties this last incident, in itself, was sufficient to support the decree.

The case was submitted on briefs.

*William I. Schell,* for the libellee.

*Harold R. Goewey,* for the libellant.

WALTER C. N. JOHNSON *vs.* DOROTHY JOHNSON STANDISH, executrix. October 28, 1953. Appeal dismissed. In this action of contract or tort, the plaintiff appeals from the direction of a verdict for the defendant. There was no "order decisive of the case founded upon matter of law apparent on the record." G. L. (Ter. Ed.) c. 231, § 96. The appeal presents no question for our consideration. *Harrington* v. *Anderson,* 316 Mass. 187, 191–192. While the procedural defect is fatal, it should be noted that the record shows no exception to the direction of the verdict and contains nothing to indicate what was the evidence or the course of the trial.

*Walter C. N. Johnson,* pro se.

No argument nor brief for the defendant.