MARIO PIONA *vs.* ALCOHOLIC BEVERAGES CONTROL
COMMISSION
(and a companion case[1]).

Suffolk. Norfolk. October 4, 1954. — December 17, 1954.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Alcoholic Liquors*, License. *License. Notice. Moot Question. Words,*
"Due hearing."

In G. L. (Ter. Ed.) c. 138, § 15A, as appearing in St. 1939, c. 414, as
amended by St. 1943, c. 542, § 5, the provision for cancellation of a
liquor license by the local licensing authorities after "due hearing"
requires that interested parties, including the licensee, be afforded an
opportunity to be heard. [56]
It was error for selectmen as licensing authorities, upon complaint made
in behalf of a church located near premises for which an all alcoholic
liquor license had been granted without the notice to the church re-
quired by G. L. (Ter. Ed.) c. 138, § 15A, as appearing in St. 1939,
c. 414, as amended by St. 1943, c. 542, § 5, to cancel the license under
that statute without giving notice of hearing on the cancellation to
the licensee, and also error for the alcoholic beverages control commis-
sion to sustain the selectmen's action by denying an appeal to the
commission by the licensee from such action. [56]
A mandamus proceeding against local licensing authorities seeking res-
toration of an invalidly cancelled liquor license granted for 1953 should
not be ordered dismissed for mootness late in 1954 where the petitioner
licensee under G. L. (Ter. Ed.) c. 138, § 16A, as appearing in St. 1937,
c. 424, § 1, might derive benefit from a restoration of the license.
[57]

PETITIONS for a writ of certiorari and a writ of mandamus,
filed in the Supreme Judicial Court for the counties of
Suffolk and Norfolk on September 9 and September 15,
1953, respectively, and transferred to the Superior Court.

The cases were heard together in the Superior Court by
*Rome, J.*

*Harris A. Reynolds*, Assistant Attorney General, for the
alcoholic beverages control commission.

---

[1] The companion case is by the same petitioner against the board of select-
men of the town of Canton.

*Eugene J. Galligan*, Town Counsel, for selectmen of Canton.

*Maurice Caro*, (*Samuel L. Jacobs* with him,) for the petitioner.

WILLIAMS, J. The petitioner is the owner and operator of a restaurant at 521 Washington Street in the town of Canton. On January 13, 1953, he applied to the selectmen of the town, who were the local licensing authorities (G. L. [Ter. Ed.] c. 138, § 1, as appearing in St. 1933, c. 376, § 2), for an all alcoholic liquor license for the sale of liquors at his restaurant during the year 1953 (§ 12, as appearing in St. 1935, c. 468, § 1, as amended). The license was granted, after hearing, on January 28, subject to the approval of the alcoholic beverages control commission (§ 15, as appearing in St. 1933, c. 376, § 2, as amended) and was approved by that commission on February 13. No notice of the hearing before the selectmen was given to the Evangelical Congregational Church whose church building was located within 500 feet of the restaurant. A protest against the granting of the license made at the hearing by a deacon of that church, after the license had been voted, was ruled by the board to have been received too late. On March 4 a further complaint in writing was sent to the selectmen by the pastor of the church and on April 1 the board, whose personnel had changed since the granting of the license, voted to cancel the license. No notice was given to the petitioner of any hearing by the board on the cancellation of the license. An appeal to the commission by the petitioner from the action of the board was, after hearing, denied by the commission on August 12.

The petitioner in one case seeks a writ of certiorari against the individual members of the commission to the end that their action in denying the petitioner's appeal from the cancellation of the license be quashed. In the other case he seeks a writ of mandamus against the members of the board of selectmen to obtain the restoration of the cancelled license. The cases were tried together before a judge of the Superior Court on a statement of agreed facts and the return of the commission as extended. They are before us

on the respective appeals of the commission and the board from orders that a writ of certiorari issue to quash the action of the commission in denying the petitioner's appeal and that a writ of mandamus issue commanding the board to restore the cancelled license.

The procedure to be followed in granting and cancelling liquor licenses is set forth in G. L. (Ter. Ed.) c. 138, § 15A, as appearing in St. 1939, c. 414, as amended by St. 1943, c. 542, § 5. Therein it is stated that within 10 days after receipt of an application for a license "the local licensing authorities shall cause a notice thereof to be published [in a local newspaper] at the expense of the applicant. . . . If any citizen of the city or town within which any such license is issued makes complaint in writing to the commission that such license was granted without such previous publication, and after due hearing it appears that such publication was not made as aforesaid, the commission shall cancel the license and give notice of such cancellation to the authorities issuing the license." The section further provides that within 3 days after the publication the applicant or someone in his behalf shall "cause a copy of the published notice to be sent by registered mail to" owners of abutting property and to certain described schools, churches, and hospitals located within 500 feet of the premises where the proposed license is to be exercised. "If any abutter or the authorities in charge of any such school, church or hospital shall make complaint in writing to the local licensing authorities that such license was granted or transferred hereunder without such notice having been mailed to him or them as required hereby, and after due hearing it appears that such notice was not mailed as aforesaid, the local licensing authorities may cancel the license. Any person who has filed a complaint with the local licensing authorities under this section who is aggrieved by the action of such authorities in refusing to cancel a license hereunder or by their failure to act upon such a complaint within a period of thirty days may appeal to the commission in writing within five days following receipt of written notice of such

action or within five days following the expiration of the thirty day period, and the commission may, after hearing, cancel such a license and in such event, shall send notice of the cancellation to the local licensing authorities. Nothing herein contained shall be construed to prohibit a licensee whose license has been cancelled by the local licensing authorities under authority contained in this section from appealing to the commission as provided in section sixty-seven."

It is to be noted that on failure by the applicant to cause the required notice to be published in a newspaper "the commission *shall* cancel the license" and notify the licensing authorities of such cancellation, and that on failure to mail such notice to abutters, schools, churches, or hospitals the "local licensing authorities [or the commission] *may* cancel the license" (emphasis supplied). In the first instance the commission must cancel but in the second instance both the board and the commission have to a certain extent discretion as to cancellation. As there was evidence here of the required newspaper publication and no evidence of failure to publish, the cancellation of the petitioner's license by the board was not mandatory and its action was obviously based on the failure to send notice to the church. According to the statute above quoted the board was empowered for this reason to cancel the license, but only after "due hearing." Due hearing means a hearing at which parties in interest are afforded an opportunity to be heard. *Burns* v. *Thomas Cook & Sons, Inc.* 317 Mass. 398, 402. *O'Leary, petitioner,* 325 Mass. 179, 182. Compare *Burgess* v. *Mayor & Aldermen of Brockton,* 235 Mass. 95, 100; *Clarke* v. *Board of Collegiate Authority,* 327 Mass. 279, 283. As the petitioner was an interested party in the proceedings and was prevented by lack of notice from attending the hearing there was error of law in the cancellation of his license. There was also error by the commission in denying his appeal. By denying the appeal it sustained the action of the board (§ 67, as appearing in St. 1935, c. 440, § 42, as amended) and thereby countenanced and gave effect to the error which the board had committed.

The judge was right in ordering that the action of the commission be quashed.

As the license was valid until it was legally cancelled it should be restored unless the question of its restoration has, in the circumstances, become moot. If it had not been cancelled it would have expired on December 31, 1953 (§ 23, as appearing in St. 1943, c. 542, § 12). By virtue of § 16A, as appearing in St. 1937, c. 424, § 1, however, the petitioner as holder of a license would have been under certain conditions "prima facie entitled" to a renewal of that license for the current year 1954. See *Coyne* v. *Alcoholic Beverages Control Commission*, 312 Mass. 224, 230; *Selectmen of Lakeville* v. *Alcoholic Beverages Control Commission*, 329 Mass. 769. We think therefore that the restoration of the license may be of benefit to the petitioner and that the petition for mandamus should not be dismissed because of mootness. See *Kenworthy & Taylor, Inc.* v. *State Examiners of Electricians*, 320 Mass. 451.

*Order for judgment affirmed in each case.*