LEWIS F. WARD *vs.* SELECTMEN OF SCITUATE.

Plymouth.    April 5, 1955. — September 19, 1955.

Present: QUA, C.J., RONAN, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Practice, Civil*, Entry of judgment, Appeal.

A mandamus case in the Superior Court in which an order for judgment appealable under G. L. (Ter. Ed.) c. 231, § 96, was entered became ripe for judgment, not upon expiration of the three day period allowed by Rule 72 of the Superior Court (1954) for claiming exceptions after receipt of notice of the order, but subsequently upon expiration of the twenty day period after the order allowed for an appeal under § 96, and went to judgment on the Monday following the expiration of such twenty day period pursuant to Rule 79 of the Superior Court (1954); and an appeal from the judgment under G. L. (Ter. Ed.) c. 213, § 1D, inserted by St. 1943, c. 374, § 4, claimed within twenty days after that Monday was seasonable.

PETITION for a writ of mandamus, filed in the Superior Court on May 7, 1954.

The petitioner alleged exceptions to certain action by *O'Connell*, J., as described in the opinion.

*Frederick W. Harrington, Jr.*, for the petitioner.

*Alfred C. Blake*, Town Counsel, for the respondents.

SPALDING, J.    This is a petition for a writ of mandamus to direct the licensing authority of the town of Scituate to accept the petitioner's application for a liquor license. After the respondents' demurrer to the petition was overruled, the parties stipulated that the facts were as set forth in the

pleadings and that the case was to be decided on these facts without the introduction of any evidence.

On the basis of the agreed facts the judge made a "Report of Facts and Order for Judgment." For present purposes it is enough to state that the judge ordered judgment for the respondents. The order was made on May 26, 1954. On June 21 the following entry was made by the clerk on the docket: "Judgment for . . . [respondents]." On July 2 the petitioner filed a claim of appeal to this court from the "final judgment."

On July 30 the respondents filed a motion to dismiss the appeal on the ground that it was not seasonable. On August 12, after a hearing, the trial judge denied this motion "without prejudice."

On August 24 the respondents filed a motion to "Correct Entry of Judgment" together with another motion to dismiss the appeal on the ground that it was claimed too late. The basis of these motions was that notice of the order for judgment was sent to the petitioner on the day it was entered, May 26, and that the petitioner did not within three days from the date of receipt of such notice file any claim of exceptions as required by Rule 72 of the Superior Court (1954). Hence, it is alleged, the case ought to have gone to judgment on June 7. The allegations of fact in the motion to correct were supported by affidavit of the respondents' counsel.

These motions came on for hearing before another judge who, after finding the facts to be substantially as stated in the motion and affidavit, ruled that the case went to judgment on June 7, and ordered the clerk to correct the entry to show judgment as of that date instead of June 21. He also allowed the respondents' motion to dismiss the petitioner's appeal. The case comes here on the petitioner's exceptions to these rulings.

It is obvious that the motion to correct and the motion to dismiss were allowed on the ground that the case became ripe for judgment after the expiration of three days from the time the petitioner received the notice of the order for judg-

ment by reason of the petitioner's failure to file a claim of exception within this period as required by Rule 72 of the Superior Court (1954). But the expiration of that period without a claim of exception did not make the case ripe for judgment. The petitioner had the right to come here also by way of appeal. G. L. (Ter. Ed.) c. 231, § 96. *Adamsky* v. *City Council of New Bedford,* 326 Mass. 706. *Mayor of Beverly* v. *First District Court of Essex,* 327 Mass. 56, 58. *Hannigan* v. *Board of Appeals of Lowell,* 328 Mass. 366. *Klier* v. *Building Inspector of Lawrence, post,* 111. Unlike the appeal under G. L. (Ter. Ed.) c. 213, § 1D, inserted by St. 1943, c. 374, § 4, which must be made within twenty days after the entry of final judgment (*Needham* v. *County Commissioners of Norfolk,* 324 Mass. 293, 295), the appeal under § 96 may be claimed within twenty days from an order for judgment. Thus the case would not have been ripe for judgment until after the expiration of twenty days after the order was made. *Watts* v. *Watts,* 312 Mass. 442, 449. *Klier* v. *Building Inspector of Lawrence, post,* 111. That would have been June 16, and under Rule 79 of the Superior Court (1954) judgment should have been entered on the following Monday, which was June 21. That was the date on which the entry of judgment was made by the clerk. It follows that the ruling of the judge ordering judgment to be entered as of June 7 was erroneous.

After the case went to judgment the petitioner had by virtue of G. L. (Ter. Ed.) c. 213, § 1D, a right of appeal within twenty days.[1] The appeal here, which was from the final judgment, was obviously intended as an appeal under § 1D, and it was seasonable, since it was taken on July 2, less than twenty days from the entry of final judgment. The dismissal of the appeal on the ground that it was claimed too late, therefore, was error.

We have confined our decision to the sole questions presented by the bill of exceptions, namely, whether the rulings

---

[1] See G. L. (Ter. Ed.) c. 214, § 19, which is made applicable to appeals under § 1D.

of the judge in ordering a correction of the date of judgment and in dismissing the appeal were correct. We do not reach the merits of the case.

*Exceptions sustained.*