MARIO PIONA *vs.* SELECTMEN OF CANTON.

Norfolk. December 9, 1955. — February 2, 1956.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & WHITTEMORE, JJ.

*License. Alcoholic Liquors,* License.

Under G. L. (Ter. Ed.) c. 138, § 16A, as appearing in St. 1937, c. 424, § 1, selectmen, as licensing authorities of a town, were justified in refusing to grant a renewal of an all alcoholic liquor license for certain premises on the ground that when the holder applied for the original license he failed to notify a church, which was located within five hundred feet of the premises, of his application as required by § 15A, as appearing in St. 1939, c. 414, as amended by St. 1943, c. 542, § 5.

PETITION for a writ of mandamus, filed in the Supreme Judicial Court for the county of Norfolk on August 10, 1955.

The case was transferred to the Superior Court and was reported by *Rome, J.,* without decision.

*Maurice Caro,* for the petitioner.

*Eugene J. Galligan,* Town Counsel, for the respondents.

WILLIAMS, J. This is a petition for a writ of mandamus to order the selectmen of Canton to issue to the petitioner an all alcoholic license for the sale of liquor at his restaurant at 521 Washington Street for the year 1954. The selectmen, who are the licensing authorities of the town, had granted him an original license for the same restaurant in 1953 and had subsequently cancelled it because of his failure to notify a church, which was located within five hundred feet of the restaurant, of his application in accordance with the provisions of G. L. (Ter. Ed.) c. 138, § 15A, as appearing in St. 1939, c. 414, as amended by St. 1943, c. 542, § 5. As no notice of the hearing on cancellation was given to the petitioner, on his appeal to this court we held in *Piona* v. *Alcoholic Beverages Control Commission,* 332 Mass. 53, that the cancellation be quashed and the license restored. The license was restored on December 29, 1954, and on the

same date the petitioner applied for the license which is the subject of this petition. No question was raised as to his compliance with statutory requirements in connection with this application, but the selectmen refused to grant the renewal license because the petitioner did not establish compliance with the requirement of notice to the church in connection with his application for the original license for 1953. On appeal the alcoholic beverages control commission disapproved the action of the selectmen and remanded the matter to them for further action as provided by § 67 of said c. 138, as amended. The case is before us on report without decision by a judge of the Superior Court. The sole issue is whether the failure of the petitioner to comply with the statute in applying for the original license obtained by him in 1953 is adequate reason for refusing a renewal license for 1954.

It is provided by § 16A, as appearing in St. 1937, c. 424, § 1, that "The holder of an annual license under section twelve . . . who applies during the month of November in any licensing period for a license of the same class for the next succeeding licensing period . . . shall be prima facie entitled thereto, if the number of such licenses issuable under section seventeen is not less than the number of such holders or former holders so applying. . . . Any such application may, however, be rejected for cause, subject to appeal under section sixty-seven." It is plain that the petitioner had no absolute right to the renewal of the license. It was the duty of the licensing authorities to determine whether it was in the public interest to permit the sale of liquor within the distance specified by statute from a house of religious worship. *Tracy* v. *Ginzberg,* 189 Mass. 260, 262–263. They could have found that the original license would not have been granted had the church authorities made timely objection to its issuance, and that the failure to object was due to the violation by the petitioner of the provision of the statute (§ 15A) regarding notice. The license when granted was, as was said in the former *Piona* case, valid until revoked (*McGinnis* v. *Medway,*

176 Mass. 67, 68; *Cheney* v. *Coughlin*, 201 Mass. 204, 210) but, for lack of notice to the church, was subject to cancellation in the discretion of the licensing authorities.

The reason advanced by the selectmen for refusing the renewal license is the same as that on which the attempted cancellation of the original license was based. A license obtained in the circumstances here disclosed by violation of a condition imposed by statute has a standing similar to that of one obtained by fraud. See *Higgins* v. *License Commissioners of Quincy*, 308 Mass. 142, 146. If, in spite of its infirmity, it was effective to give its holder a prima facie right to renewal, we think that the facts concerning the means by which it was obtained were sufficient to overcome any presumption in its favor and to justify the selectmen in refusing to perpetuate it. See *Commonwealth* v. *Whelan*, 134 Mass. 206, 210–211.

*Petition dismissed.*