LEWIS F. WARD *vs.* SELECTMEN OF SCITUATE.

Plymouth. March 7, 1956. — March 28, 1956.

Present: QUA, C.J., RONAN, WILKINS, COUNIHAN, & WHITTEMORE, JJ.

*License. Alcoholic Liquors, License. Moot Question. Mandamus.*

A mandamus case brought to compel the licensing authority of a town to accept the petitioner's application for a liquor license for a certain year became moot at the end of that year since the license, if granted, would then have expired. [2]

Dismissal of a mandamus case brought to compel the licensing authority of a town to accept the petitioner's application for a liquor license after the authority had improperly refused to receive it, thus depriving the petitioner of his right to action on the application and his right of appeal to the alcoholic beverages control commission, would not be justified on the ground of futility of proceedings on the application even if the petitioner's chances of obtaining the license on pursuing the application were slight. [3–4]

PETITION for a writ of mandamus, filed in the Superior Court on May 7, 1954.

The case was heard by *Morton, J.*

*Frederick W. Harrington, Jr.,* for the petitioner.

*Alfred C. Blake,* Town Counsel, for the respondents.

WILKINS, J. When this petition for a writ of mandamus was previously before us, we held that the petitioner's appeal from a judgment for the respondent board had been

improperly dismissed, and that the petitioner had taken a seasonable appeal pursuant to G. L. (Ter. Ed.) c. 213, § 1D, inserted by St. 1943, c. 374, § 4. *Ward* v. *Selectmen of Scituate,* 333 Mass. 108. The appeal is now here.

The petition prays that an order issue directing the licensing authority of the town of Scituate to accept the petitioner's application for a liquor license. The judge on May 26, 1954, filed findings of facts. The petitioner is a licensed innholder whose license was to expire on December 31, 1954. On March 31, 1954, the petitioner endeavored to file an application for a liquor license which the respondent board refused to receive because they considered that the petitioner, whose inn is in a district zoned for residence under the town by-law pursuant to a variance granted in 1946, should first obtain another variance to sell liquor on the premises. In his findings the judge stated: "While it seems that the selectmen should at least accept, for filing, the application and the fee payable therewith, it seems to me, as the whole affair would end up in a refusal to grant the license, that no action should be taken upon the pending petition. In view of the foregoing, I hereby order judgment" for the respondent board.

The license, if granted, would have expired on December 31, 1954, pursuant to G. L. (Ter. Ed.) c. 138, § 23, as appearing in St. 1943, c. 542, § 12. *Piona* v. *Alcoholic Beverages Control Commission,* 332 Mass. 53, 57. The case, accordingly, is moot, and would ordinarily be disposed of by a rescript opinion. *Selectmen of Lakeville* v. *Alcoholic Beverages Control Commission,* 329 Mass. 769. *Williams Market of Waltham, Inc.* v. *Alcoholic Beverages Control Commission,* 330 Mass. 707. *Martin Edward, Inc.* v. *Licensing Board of Boston,* 333 Mass. 770.

Inasmuch as we think that it was error to dismiss the petition for the reason given, we shall briefly express our views of the merits. Otherwise an appeal by the petitioner might never reach this court before a case becomes moot. We agree with the judge that the board should have received the petitioner's application for a liquor license. Nor

do the board in their brief seek to justify their refusal, but seem to confine their argument to supporting the judge's refusal to order the writ to issue.

Probable action upon an application for a license is a matter quite apart from the right to file an application. We quote statutory provisions to which the respondent board are subject. "Notation of the date and hour of filing shall be made on every application for a license under section twelve . . . . Within ten days after the receipt of any such application, the local licensing authorities shall cause a notice thereof to be published . . . . No application shall be acted upon by the local licensing authorities until ten days after the publication of such notice." G. L. (Ter. Ed.) c. 138, § 15A, as appearing in St. 1939, c. 414, as amended by St. 1943, c. 542, § 5. See *Piona* v. *Alcoholic Beverages Control Commission*, 332 Mass. 53, 55.

In 1954, when the application was filed, as well as now, the petitioner had a right of appeal from the board's denial of a license to the alcoholic beverages control commission. G. L. (Ter. Ed.) c. 138, § 67, as appearing in St. 1953, c. 672. This right is narrowly circumscribed. As the respondent board point out, while the commission may remand the matter to the local licensing authority, it "shall not in any event order a license to be issued to any applicant except after said applicant's application for license has first been granted by the local authorities." Notwithstanding the fact that the chance of success on appeal may have been somewhat attenuated, the appeal was none the less the petitioner's right. This right the respondent board, by their action contrary to law, rendered impossible to invoke. The board's unlawful action did not become final on the ground of the futility of further proceedings. See *Wilson* v. *Quinn*, 253 App. Div. 403; affirmed 277 N. Y. 720. In *Jantzen* v. *School Committee of Chelmsford*, 332 Mass. 175, 177–178, the futility of a hearing lay in the fact that the object of the school teacher's petition had become impossible of fulfilment. In the case at bar the supposed futility is nothing more than the result of appraising at a low

figure the petitioner's chances of success in pursuing a statutory right before administrative officers.

The judgment is to be modified so as to read, "The subject matter of this petition having become moot, the petition is dismissed," and as so modified is affirmed.

*So ordered.*