M. James Zelman, trustee in bankruptcy, *vs.* Alcoholic Beverages Control Commission (and a companion case between the same parties).

Suffolk. January 7, 1957. — March 4, 1957.

Present: Wilkins, C.J., Spalding, Williams, Whittemore, & Cutter, JJ.

*Moot Question. License. Alcoholic Liquors,* License. *Words,* "Timely and sufficient."

The question of the propriety of a failure by the alcoholic beverages control commission to approve a renewal of a 1955 liquor license for the year 1956 sought by one who had lost any right of renewal under G. L. (Ter. Ed.) c. 138, § 16A, as appearing in St. 1937, c. 424, § 1, through

not filing his application for renewal seasonably had become moot at the time of decision by this court in 1957 of cases involving such question.   [518–519]

An application for renewal of a 1955 liquor license for the year 1956 filed in December, 1955, not being seasonably filed under G. L. (Ter. Ed.) c. 138, § 16A, as appearing in St. 1937, c. 424, § 1, was not "timely and sufficient" within § 13 of c. 30A, inserted by St. 1954, c. 681, § 1, so as to prevent the 1955 license from expiring at the end of 1955; the applicant with respect to the 1956 license stood in the position of a first time applicant.   [519–520]

PETITIONS filed in the Superior Court on February 23, 1956, and March 1, 1956, respectively.

The cases were heard by *Cahill*, J., on demurrers.

*I. Jack Levy,* (*M. James Zelman* with him,) for the petitioner.

*Joseph H. Elcock, Jr.,* Assistant Attorney General, for the respondent.

WHITTEMORE, J.   The judge in the Superior Court sustained demurrers to each of two petitions for an extraordinary writ, one for mandamus and the other for certiorari. These are the petitioner's appeals from judgment entered for the respondent in each case.   Each petition alleges that the respondent alcoholic beverages control commission failed to approve renewal for the year 1956 of a 1955 license (issued under G. L. [Ter. Ed.] c. 138,[1] § 12) for the sale of all kinds of alcoholic beverages, held by a corporation, Mid-Town Casino, Inc., and that an application for such approval had been "seasonably" made in 1955 by the petitioner M. James Zelman, as trustee in bankruptcy of the corporation, and had been approved by the licensing board for the city of Boston.   The members of the latter board were made respondents in each case but the docket entries show that the petitioner "filed by leave" discontinuances as to the board members.   The prayers are that the respondents "be ordered to approve aforesaid renewal application and grant to petitioner aforesaid license; or such other order or decree [be] made thereon as law and justice

---

[1] References to c. 138 in this opinion are to that chapter as revised by St. 1933, c. 376, § 2, and as subsequently amended.

may require," and, in the petition for writ of certiorari, that "the action or failure of action resulting in the final denial of renewal application may be quashed."

Each petition alleges that the commission advised that it failed to act for reasons set out in a letter from it to the board, copy of which is attached to the petition. The letter reads: "It is our opinion that the above application which was made to and considered by your Board to be one for the renewal for the 1956 license year of a restaurant license for the sale of all kinds of alcoholic beverages held by the Mid-Town Casino, Inc., for the 1955 license year was not filed in accordance with Regulations made by this Commission pertinent to applications for the sale of alcoholic beverages. We are returning herewith, without action by the Commission, your notice of approval of the application. The Commission cannot act upon said application for at least two reasons: (1) The application is not signed in accordance with the Regulations of the Commission; namely Regulation #7. (2) The Commission is without statutory authority to grant a renewal of a license for the sale of alcoholic beverages in the circumstance where the applicant is in bankruptcy and a receiver or trustee has been appointed by the Court."

General Laws (Ter. Ed.) c. 138, § 23, as from time to time amended (last amendment approved August 9, 1955) provides that "Every license and permit granted under the provisions of this chapter, unless otherwise provided in such provisions, shall expire on December thirty-first of the year of issue, subject, however, to revocation or cancellation within its term." The license, by § 16A of c. 138, read with c. 30A, § 13, referred to below, does not expire if timely application is made for its renewal. Section 16A of c. 138 provides that "The holder of an annual license under section twelve or fifteen who applies during the month of November in any licensing period for a license of the same class for the next succeeding licensing period . . . shall be prima facie entitled thereto, if the number of such licenses issuable under section seventeen is not less than the number

of such holders . . . so applying. . . . Any such application may, however, be rejected for cause, subject to appeal under section sixty-seven. A person whose application has so been rejected by the local licensing authorities shall for the purposes of section seventeen be deemed to have been granted such a license until the period for such an appeal has expired or until his appeal has been dismissed." Section 17 prescribes the number of licenses which may be granted under stated circumstances. The implication from § 16A of continuing right to exercise the privileges of the license in the succeeding year, pending a final determination that the license will not be renewed notwithstanding the prima facie right, is confirmed by the State administrative procedure act, G. L. (Ter. Ed.) c. 30A, inserted by St. 1954, c. 681, § 1. Section 13 of that act provides in part, "'License,' as used in this section, includes any license, permit, certificate, registration, charter, authority or similar form of permission required by law. Except as otherwise provided in this section, no agency shall revoke or refuse to renew any license unless it has first afforded the licensee an opportunity for hearing in conformity with sections ten, eleven and twelve. If a licensee has, in accordance with any law and with agency regulations, made timely and sufficient application for a renewal, his license shall not expire until his application has been finally determined by the agency. Any agency that has authority to suspend a license without first holding a hearing shall promptly upon exercising such authority afford the licensee an opportunity for hearing in conformity with sections ten, eleven and twelve."

If the subject application for renewal had, in proper form, been filed in November, 1955, the petitioner would have been in a position to call for determination by the appropriate tribunal of the substantive issue stated in sentence (2) of the commission's letter and there would be cases before us requiring decision. But the petitioner in his brief states that it was "in December, 1955 [that] the trustee made renewal application for the 1956 license year."

Thus we are advised of a fact which shows that the cases before us are moot and we are relieved of the necessity of determining whether the allegation that the application was made "seasonably" could be construed to allege a filing in November. The 1955 license expired with the close of that year. The 1956 license, granted by the board on the December, 1955, application, had no standing as a license without the approval of the commission. C. 138, § 12 (". . . subject to the prior approval of the commission . . ."). *Coyne* v. *Alcoholic Beverages Control Commission,* 312 Mass. 224, 227, 228. In *Connolly* v. *Alcoholic Beverages Control Commission,* 334 Mass. 613, 615, we noted but found it unnecessary to decide the question whether the case was moot of a first time applicant whose application had been denied, so that he had acquired no standing as a licensee, in the circumstance that our decision was made in the year following that for which the license was sought. We now decide essentially that question since here the licensee had lost whatever renewal rights existed as to the 1955 license. We hold the cases before us moot, as a decision for the petitioner now, or at any time after November, 1956, could not make him or his corporation a licensee for 1957 or put him in a position where he could by his act acquire prima facie rights for 1957. *Ward* v. *Selectmen of Scituate,* 334 Mass. 1, 2. Compare *Piona* v. *Alcoholic Beverages Control Commission,* 332 Mass. 53, 57, where the petitioner was seeking restoration of a license improperly cancelled.

The petitioner asks us to rule that the application for the 1956 license filed in December, 1955, was "timely and sufficient" within the meaning of these words in c. 30A, § 13, and that because of § 13 the 1955 license did not expire at the end of that year. We decline to do so. What is "timely and sufficient" in respect of an application for a license under c. 138 must of course be determined by the provisions of that chapter. Section 16A makes the prima facie right of renewal for a succeeding year of a license under § 12 dependent upon application in November of the

current year.   That a licensee, not having a prima facie right, may obtain a license for the next year on an application filed in December does not mean that in a sense legally significant under c. 30A, § 13, the license which is issued to him is a renewal of the earlier license.   Except for an application in November the current license terminates at the year end and the licensee in respect of a license for the next year stands the same as do applicants who are applying for the first time.

As the cases are moot there is no occasion for us to discuss other issues raised before us which include (1) does the administrative procedure act, c. 30A, provide a means of review so that there is an adequate or exclusive remedy barring resort to the extraordinary writs, and (2) has a trustee of a bankrupt licensee, or the bankrupt under appropriate order, if timely application is made therefor in accordance with reasonable commission rules, a right to a renewal of the license, so as to give the trustee reasonable opportunity to dispose of the license under c. 138, § 23,[1] an opportunity which a trustee appointed late in any calendar year may not have in the absence of renewal, at least not to the same extent as a trustee appointed earlier in a calendar year, or to make a license available in connection with a continuing operation of the business by him.   See *Jubinville* v. *Jubinville*, 313 Mass. 103, 106–107; *Rigs* v. *Sokol*, 318 Mass. 337, 345; *Tracy* v. *Ginzberg*, 189 Mass. 260, affirmed, 205 U. S. 170; *Fisher* v. *Cushman*, 103 Fed. 860; Collier, Bankruptcy (14th ed.) § 70.22; *Landy* v. *Silverman*, 189 Fed. (2d) 80, 81, 82; 144 A. L. R. 1013.

Each judgment is to be modified so as to read "The subject matter of this petition having become moot, the petition is dismissed" and as so modified is affirmed.

*So ordered.*

---

[1] "Any license under this chapter . . . may be transferred to any individual, partnership or corporation qualified to receive such a license in the first instance, if, in the opinion of the licensing authorities, such transfer is in the public interest,"