JESSIE LOUISE LAVIGNE *vs.* EUGENE R. LAVIGNE (and a companion case[1]).

Middlesex.   October 10, 1957. — November 6, 1957.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Divorce,* Cruel and abusive treatment, Condonation. *Res Judicata.*

A decree of divorce granted to a wife on the ground of cruel and abusive treatment was supported by findings that her health was seriously affected by her living with her husband in an apartment near his sister and by insulting and abusive conduct on his part, and that on two or more occasions he was guilty of physical violence toward his wife.

Any condonation by a wife of misconduct on the part of her husband was conditional upon his keeping certain promises which were not kept by him and did not preclude her subsequent reliance on such misconduct in seeking a divorce on the ground of cruel and abusive treatment.

Dismissal by agreement of the parties of a libel for divorce grounded on cruel and abusive treatment was not a bar to a later libel on that ground based in part on incidents relied on in the first libel.

LIBEL for divorce, filed in the Probate Court for the county of Middlesex on January 26, 1956.

The case was heard by *Monahan, J.*

*Joseph Gorfinkle,* for Eugene R. LaVigne.

*Everett A. Grant, (James P. McNamara* with him,) for Jessie Louise LaVigne.

CUTTER, J.   The husband appeals from decrees (a) granting to the wife a divorce nisi upon the ground of cruel and abusive treatment and (b) dismissing the husband's petition for separate support. The evidence, which is reported, was

---

[1] The companion case is by Eugene R. LaVigne against Jessie Louise LaVigne.

almost entirely oral. We see no reason to disturb the probate judge's abundantly warranted findings in his report of material facts, from which the facts stated below are summarized.

The husband and wife for some years lived in a second floor apartment in a house in Somerville. The husband's sister occupied rooms on the third floor in the same house and shared with them a kitchen. Living conditions in this apartment near her sister-in-law and grossly insulting conduct by the husband seriously affected the wife's health and were the basic causes of marital difficulties. In addition to a course of conduct, abusive in character, the husband on two or more occasions, including one on March 2, 1955, was guilty of physical violence toward the wife. At least two separations took place, following which the wife was persuaded by religious advisers and others to resume living with the husband, but only in reliance on his promises, later invariably disregarded, that their home would thereafter be in premises away from the Somerville apartment and the husband's sister.

In the course of one such reconciliation a divorce libel, brought by the wife on March 4, 1955, was dismissed by agreement. However, after a particularly flagrant breach of the husband's promise of a separate home, the wife brought the present libel for divorce alleging as a cause the incidents of March 2, 1955, as well as matters occurring thereafter.

During one separation, the husband filed a petition for separate support, alleging desertion. This was dismissed at the time of the decree nisi here under review.

The conflicting evidence does not lead us to conclude, as the husband contends, that the incident of physical violence which took place on March 2, 1955, was connived at by the wife.

Although after March 2, 1955, the parties lived together as husband and wife, any condonation of the husband's prior misconduct was clearly conditional upon the husband's promises to provide a home for the family away from his

sister, promises which the probate judge found were not made in good faith. The husband's failure to keep his promises (in respect of this matter which went to the very root of the marital troubles) was a serious breach of the terms of the conditional condonation. See, for example, *Cabral* v. *Cabral,* 323 Mass. 441, 442; *Cesarone* v. *Cesarone,* 329 Mass. 217, 219; *Pierce* v. *Pierce,* 330 Mass. 707, and cases cited.

The dismissal by agreement on June 28, 1955, of the wife's earlier libel was not a bar to the present libel based in part on the incidents of March 2, 1955. The dismissal decree was obviously not intended as an adjudication on the merits. *Wight* v. *Wight,* 272 Mass. 154, 155–157. *Curley* v. *Curley,* 311 Mass. 61, 66. See *Delgreco* v. *Delgreco,* 322 Mass. 706, 707. Compare *Amory* v. *Assessors of Boston,* 309 Mass. 162, 164.

The decrees are to be affirmed with costs and expenses of the appeals (including counsel fees) to be allowed to the libellant in the divorce proceeding in the discretion of the Probate Court.

*So ordered.*