MATT DOYLE, INC. *vs.* BOARD OF SELECTMEN OF CHELMSFORD. March 14, 1977. Reading the provisions of G. L. c. 138, §§ 15 and 16B, together, it is clear that no original license for a package store can be "issued" by a "local licensing authority" (c. 138, § 1) unless or until (a) the local authority has voted to "grant" the application for the license and (b) the "commission" (§ 1) has approved the grant and the "applicant." *Connolly* v. *Alcoholic Beverages Control Commn.* 334 Mass. 613, 615-619 (1956). If (as in this case) the commission does give such approval, the local authority must issue the license "not later than seven days following receipt of notice of approval by the commission" (§ 16B), subject to the applicant's paying into "the city or town treasury" (§ 70) the "license fee" which the local authority "may determine in the first instance when originally issuing" the license (§ 15). Having in mind (c) that the seventh paragraph of § 23 makes no provision for the refund of the whole or any part of a license fee in the event of the commission's refusal to grant the required approval and (d) that an original license "shall expire on December thirty-first of the year of issue" (§ 23; *Piona* v. *Alcoholic Beverages Control Commn.* 332 Mass. 53, 57 [1954]) regardless of any delay in securing commission ap-

proval which may be caused by proceedings under the fourth paragraph of § 67 (such as appear to have occurred in this case), we conclude (e) that § 15 contemplates that the local authority is not required to determine the fee for the issuance of an original license under § 15 until after the commission approval has been obtained and (f) that the forfeiture provisions of the last sentence of the first paragraph of § 16B cannot be invoked by the local authority until after the expiration of fourteen days following the date on which the fee is so determined. As the defendant board has "[a]t no time ... established any specific ... fee for the license here at issue" despite the plaintiff's request that it do so "so that the same can be paid and the license issued promptly," we hold that there has been no forfeiture under the provisions of §§ 16B and 70. 2. No other reason has been advanced by the defendant for its refusal to issue the license (see the *Connolly* case, at 615), and we find it unnecessary to determine the effect of the last sentence of the fourth paragraph of § 23. If there has been compliance with the terms of the judgment (no stay having been obtained), the same is affirmed; if there has been no compliance, the judgment is to be modified so as to provide a new time schedule for the determination of the license fee, the payment of the fee, and the issuance of the license, and, as so modified, is affirmed.

*So ordered.*

*David J. Hart* (*Clement McCarthy,* Town Counsel, with him) for the defendant.

*Robert P. Sullivan* for the plaintiff.