New Palm Gardens, Inc., & another[1] *vs.* Alcoholic Beverages Control Commission & others.[2]   March 21, 1983.  New Palm Gardens, Inc. (NPG), the holder of a license as common victualler to serve all alcoholic beverages for the year 1980, had maintained a restaurant and lounge in Uxbridge.  In November, 1980, NPG applied to the selectmen (the Board) for a renewal of its license for 1981.  See G. L. c. 138, §§ 1, 16A.  The Board denied the application, and a judge of the Superior Court on December 31, 1980, enjoined the Board from enforcing its denial pending review.  The Alcoholic Beverages Control Commission (ABCC) overruled the Board by a decision of July 22, 1981.  The Board appealed that decision to the Superior Court which affirmed the ABCC decision.  This court affirmed by summary disposition.  *Selectmen of Uxbridge* v. *Alcoholic Beverages Control Commn.,* 14 Mass. App. Ct. 1306 (1982).  NPG operated during 1981 under the protection of the Superior Court injunction, except that the Board on December 10, 1981, did renew NPG's license for the remaining three weeks of 1981.

In November, 1981, NPG applied to the Board for a renewal of its license for 1982.  On December 15, 1981, the Board wrote to NPG that it would not renew its license, unless NPG submitted "evidence that . . . [it] in good faith [was] operating a restaurant."  The Board, after a hearing (on December 23, 1981) as to which NPG asserts there was inadequate notice, on December 24 denied renewal of NPG's license for 1982.  NPG appealed to the ABCC on December 29, 1981, and on that day NPG filed this action asserting that the Board had denied its constitutional rights and seeking preliminary injunctive relief.  On December 31, 1981, a Superior Court judge granted this relief pending final determination of NPG's appeal by the ABCC and of any petition for judicial review.  On April 13, 1982, the ABCC found "that if . . . [NPG] was in violation of § 12A at the time of the [local Board's] investigation," it later had come into compliance and that new equipment at NPG's premises "meets at least the minimum [statutory] requirements."  The ABCC rejected the Board's contention that the alleged violation could not "be cured after December 31, 1981" and that NPG's "only remedy . . . [was] to reapply for a new [1982] license."  The ABCC referred to "evidence that . . . at least two other licensees," had "not [been] assessed the same penalty" for the same violation.  The matter was returned by the ABCC to the Board with the recommendation that the Board issue to NPG a renewal license for 1982.  The Board has appealed from the preliminary injunction issued on December 31, 1981.

The matter of the 1982 license has become moot.  Questions with reference to the year 1982, by the passage of time, no longer have practical significance.  There is no question open for 1982 as to NPG's failure to

---

[1] Loris R. D'Amato, manager of New Palm Gardens.

[2] The board of selectmen of Uxbridge.

exhaust the administrative remedy before the ABCC for that body has acted favorably on NPG's appeal. The ABCC's action also has made now irrelevant whatever, if any, significance may be attached to the language in G. L. c. 138, § 67, as appearing in St. 1962, c. 500, that "[p]ending a decision on appeal, the action of the local licensing authorities shall have the same force and effect as if the appeal had not been taken." The Board has objected to the issuance (in two successive years) by two different Superior Court judges of a preliminary injunction to protect NPG's property interests from possible destruction. The denial of a license had been ruled by the ABCC for 1982 to have been discriminatory. Cf. the preliminary injunction issued pending review of ABCC action in *Aristocratic Restaurant of Mass., Inc.* v. *Alcoholic Beverages Control Commn.*, 374 Mass. 547, 550 (1978). We would be slow on a record such as that before us to interpret § 67 (at least in the absence of much more explicit statutory language) as denying to a court of general equity jurisdiction power to preserve the existing situation pending the completion of administrative and judicial review of the Board's decision. Particularly is this so where the complaint reasonably may be viewed as seeking relief on Federal constitutional grounds (appropriate for the invocation of 42 U.S.C. § 1983 [1976]) against action likely to cause NPG irreparable injury under color of State law for which no adequate remedy at law exists. See discussion in *Porter* v. *Treasurer & Collector of Taxes of Worcester*, 385 Mass. 335 (1982); *Maine* v. *Thiboutot*, 448 U.S. 1, 4-11 (1980).

On this appeal from the preliminary injunction issued on December 31, 1981, there is no necessity for requiring that the 1982 license be issued, because of the prima facie basis thereby afforded under c. 138, § 16A, for the issuance to NPG of a 1983 license. Compare *Piona* v. *Alcoholic Beverages Control Commn.*, 332 Mass. 53, 57 (1954), which involved petitions for certiorari and a writ of mandamus. The parties have stipulated that a 1983 license has been issued "subject to any litigation and administrative proceeding in progress." With this opinion such litigation and proceedings have been concluded.

The appeal must be dismissed as moot.

*So ordered.*

*Henry J. Lane*, Town Counsel, for Board of Selectmen of Uxbridge.
*Kenneth H. Tatarian* for the plaintiffs.