van Gestel, J.
This matter is before the Court on the parties’ cross motions for summary judgment. The underlying complaint is based upon G.L.c. 249, sec. 4 and seeks relief from the alleged wrongful denial by the Natick Board of Selectmen (the “Board”), sitting as a local licensing authority, of the application by Augusta Grille, Inc. (“Augusta”) for a seven-day malt and wine license.
BACKGROUND
The facts that follow are not in dispute.
In 1993, Augusta acquired a leasehold interest from the Fairway Estates Condominium Trust to operate a golf practice facility with a restaurant at 218 Speen Street in Natick. The golf practice facility opened in March 1995. The restaurant opened in June 1996 as allowed by a special permit granted by the Town. Although the Town granted a common victualler’s license, it denied Augusta’s application for a beer and wine license.
Augusta appealed to the Alcoholic Beverages Control Commission (“ABCC”). After a hearing, the ABCC remanded the matter to the Board for further action. In so doing, the ABCC noted: (1) that the Board had requested an activity report from the police even though the Board had not made similar requests when reviewing five other applications; (2) that a citizen petition opposed to Augusta’s application was submitted to the Board prior to the application being filed; and (3) that the Town had issued full liquor licenses at the same location for the 26 years from 1964 to 1980.
After remand, the Board conducted a second hearing on May 19,1997 and received additional documentation on June 16, 1997. Thereafter, the Board granted to Augusta an opportunity to further address it regarding Augusta’s view of the public’s attitude towards the license. The Board then voted, again, to deny the application, basing its decision primarily on the potential negative impact of an alcohol license in a thickly settled residential neighborhood where automobile accidents have occurred in increasing numbers. The Board, in its decision, stated “It is not in the public interest to grant a beer and wine license to a restaurant facility in a residential zone.”
DISCUSSION
Procedural Issue
The procedural background hints at a possible jurisdictional defect in these proceedings, which the Court will address up front. Augusta’s action is in the nature of certiorari pursuant to G.L.c. 249, sec. 4. [A]n action in the nature of certiorari lies only when there is no other available remedy." Rosenfeld v. Board of Health of Chilmark, 27 Mass.App.Ct. 621, 626 (1989). Certiorari is only available when the petitioner has exhausted his administrative remedies. Carney v. Springfield, 403 Mass. 604, 605 (1988); Boston Edison Co. v. Board of Selectmen of Concord, 355 Mass. 79, 82-3, 84 (1968); Reidy v. Acting Director of Civil Service, 354 Mass. 760 (1968); MacDonald v. Board of Health of Braintree, 347 Mass. 76, 77 (1964).
The history of this matter reflects the possible defect. In 1996, Augusta applied to the Town for a license to serve wines and malt beverages. After a public hearing, the Board issued a decision rejecting the application. Augusta, following the statutory scheme, G.L.c. 138, sec. 67, appealed to the ABCC. On December 4, 1996, the ABCC conducted a hearing on the appeal and, on April 2, 1997, remanded the matter to the Board for further action. Following a re-hearing on May 19, 1997, the Board denied the application in a decision dated July 14, 1997.
It was in the foregoing procedural posture that Augusta filed this “appeal” pursuant to G.L.c. 249, sec. 4, seeking relief in the nature of certiorari.
Augusta, at this stage of the proceedings, “had a right of appeal from the board’s denial of a license to the alcoholic beverages control commission.” Ward v. Selectmen of Scituate, 334 Mass. 1, 3 (1956). But, as the Ward court noted, this right is very narrowly subscribed. All the ABCC can do in the case of a denial by a local board is remand the matter for further proceedings. The ABCC cannot order a license to be issued in the face of a denial by the local board. Id. See also Board of Selectmen of Sodbury v. ABCC, 25 Mass.App.Ct. 470, 472 (1988).
There already has been one such remand here. This Court cannot accept that the exhaustion of remedies theory that attaches to certiorari proceedings dictates an endlessly circular course of denial/appeal/remand, denial again/appeal again/remand again, and so on ad infinitum, in the circumstances faced by Augusta here. It thus considers that the administrative remedies have been satisfied by Augusta in its first appeal to the ABCC and turns to the merits of the cross motions for summary judgment.
*554 Merits
The Court begins with the oft-stated observation that “[Licenses to sell alcoholic beverages are a special privilege subject to public regulation and control, . . . for which States have especially wide latitude pursuant to the Twenty-First Amendment to the United States Constitution.” Hastings Associates, Inc. v. Local 369 Bldg. Fund, Inc. 42 Mass.App.Ct. 162, 173-74 (1997). Licenses to sell alcoholic beverages are issued or denied “with a view only to serve the public need ... in such a manner as to protect the common good.” Beacon Hill Civic Assn. v. Ristorante Toscano, Inc., 422 Mass. 318, 322 (1996). “The liquor traffic has long been recognized as a source of danger to the public welfare, health and safety, and regulations governing the conduct of the business and frequently going to the extent of prohibiting it altogether have been sustained.” Supreme Malt Products Co., Inc. v. ABCC, 334 Mass. 59, 61 (1956). Thus, Augusta has a very steep hill to climb here.
The Town selectmen, as the local licensing authority, “may in their discretion grant such a license authorizing the sale of alcoholic beverages.” G.L.c. 138, sec. 12. See Ferris v. Selectmen of Norwell, 344 Mass. 757 (1962). In granting alcohol licenses, town boards “may exercise judgment about public convenience and public good that is very broad indeed.” Newbury Junior College v. Brookline, 19 Mass.App.Ct. 197, 202 (1985).
A review of the record and the history of the proceedings in this case does not reveal that the selectmen’s decision was either arbitrary or capricious. More than sufficient facts existed to support the exercise of the broad discretion granted in denying the license sought. Augusta has not shown, as it must, that the “challenged action is not related to the purposes of the legislation authorizing licenses.” Rose v. Board of Selectmen of Falmouth, 36 Mass.App.Ct. 34, 39 (1994).
The selectmen had three days of hearings and reviewed a wide variety of documentary evidence on both sides of the issue. Augusta was not shortchanged on due process in this case. Nor was it in any way an abuse of discretion for the selectmen to deny the application based upon their concerns for the potential negative impact of an alcohol license in a thickly settled residential neighborhood.
ORDER
For the reasons stated above, the plaintiffs motion for summary judgment is DENIED, and the defendants’ cross motion for summary judgment is ALLOWED. Judgment shall enter dismissing this case with each side to bear its own costs.